**In the Matter of ZIP PRINT, INC., Debtor.**

**ZIP PRINT, INC., Plaintiff,**

v.

**Vivian KELLER and Kitty Dahlberg, Defendants.**

**Bankruptcy No. 80–0280A.**

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

June 17, 1980.

Larry S. Bryant, Bryant, Davis & Cowden, Atlanta, Ga., for plaintiff.

Tyler Dixon, Atlanta, Ga., for defendants.

## ORDER

A. D. KAHN, Bankruptcy Judge.

Before the court is Defendants' motion to dismiss a Chapter 11 proceeding commenced on January 11, 1980 by the above-named debtor.

Apparently, Defendants' intention is to obtain dismissal of the above-styled adversary matter through the rather ingenious means of attempting to deprive the court of jurisdiction over the entire reorganization proceeding.

In determining whether to grant Defendants' request, the court's decision is governed by the standards outlined in § 1112 of the Bankruptcy Code. That provision permits dismissal or conversion of reorganization proceedings only upon request of a party in interest [1] and only following appropriate notice and an opportunity to be heard. 11 U.S.C. §§ 1112, 102. Accordingly, in the absence of a showing that appropriate notice of the motion has been given to parties in interest, as is the case here, the court should not consider the motion to be ripe for ruling.

Defendants are, therefore, hereby ORDERED to serve notices upon all parties in interest of the fact that the motion has been filed and of all other facts necessary to provide those parties with an opportunity to be heard. Defendants are FURTHER ORDERED to bear all costs of such service of notice, since an abusive depletion of the debtor-in-possession's estate would result if the debtor, or the Clerk's Office on the debtor's behalf, were to bear such cost.[2] Should Defendants withdraw their motion, there would be no requirement that notice be provided for.

IT IS SO ORDERED.

---

1. This requirement was not included in the Senate version of the Code, but was indeed included in the final version as adopted and recommended by legislative leaders. *Compare* 11 U.S.C. § 1112(b) *with* S. 2266 at 519; *see also* S.Rep.No.95–989 at 117, U.S.Code Cong. & Admin.News 1978, p. 5787.

2. Whenever a dismissal of the petition is proposed as a means of defending an adversary matter commenced by a Chapter 11 debtor-in-possession, the estate should not bear the cost of notice made necessary solely because of Defendant's choice of the means by which the adversary matter should be defended.