**In re CITIZENS LOAN & THRIFT CO., Debtor.**

**Bankruptcy No. 80–04139.**

United States Bankruptcy Court, N. D. Iowa, W. D.

Nov. 5, 1980.

Golby C. Uhlir, South Sioux City, Neb., for creditors' committee.

Steven A. Carter, Sioux City, Iowa, for debtor.

Howard O. Hagen and Patricia J. McFarland, Asst. Attys. Gen., for State of Iowa.

## MEMORANDUM

WILLIAM W. THINNES, Bankruptcy Judge.

Debtor, Citizens Loan & Thrift Co., filed its Petition under Chapter 11 of the Bankruptcy Code on May 12, 1980. The State of Iowa filed its Motion to Intervene in this proceeding on June 26, 1980; and Debtor resisted said Motion on July 7, 1980.

At the hearing on the Motion and Resistance, the Court heard arguments by counsel for both parties and ordered the parties to submit briefs on the following issues:

(1) Whether § 1109(b) of the Bankruptcy Code limits participation in a Chapter 11 proceeding to the parties named therein; and

(2) Whether § 1109(b) is in conflict with Bankruptcy Rule 10–210(b).

As might be expected, the briefs of the parties reached opposite conclusions.

Section 1109(b) of the Bankruptcy Code provides:

(b) A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

■ "Party in interest" is not defined, and, as provided in the Rules of Construction of the Bankruptcy Code, § 102(3), the word "including" is not limiting. Thus, other parties than those listed might come within the provisions of the section. Section 1109(b) must be construed broadly to permit parties affected to appear and be heard. 5 *Collier on Bankruptcy* (15th ed.) ¶ 1109.02.

■ As the entity charged with the duty of supervision of industrial loan companies by Chapter 536A of the Iowa Code, the State Auditor is a "party affected" by the proceedings.

As sated in the official Comment to § 1109(b) the section "continues the broad concept of the absolute right to be heard in order to insure fair representation in the case . . . ."

The *Collier* treatise suggests that the standing conferred by § 1109(b), like that conferred by § 206 of the Bankruptcy Act and Bankruptcy Rule 10–210(a)(1), on which § 1109(b) is based, is absolute and unlimited, giving those listed "the same rights as if they were successful intervenors but without the necessity of a formal order of intervention." 5 *Collier*, Id. at page 1109–19. In other words, a party coming under the provisions of § 1109(b) may appear and be heard *without* filing a motion to intervene.

■ Even if the State of Iowa were not to be considered a party in interest within the provisions of § 1109(b), intervention by the state is still permissible if the Bankruptcy Court, in the exercise of its sound discretion, finds such intervention to be desirable.

Bankruptcy Rule 10–210(b) provides:

(b) Intervention. The court may for cause shown permit any interested person to intervene generally or with respect to any specified matter in the Chapter X case.

■ The 1978 Bankruptcy Code comment to Rule 10–210(b) is that the rule is not affected by the Code. Therefore, the rule is applicable to proceedings under Chapter 11 of the Code.

The Advisory Committee's Note to Rule 10–210(b) says:

[A]n interested person, referred to in subdivision (b), may be one other than a party in interest. For example, the state government or a municipal corporation may have an interest in the continued viability of the debtor or its reorganization without being a creditor or stockholder.

Section 1109(b) does not purport to deprive the Bankruptcy Court of its discretion to allow a petition of intervention in a reorganization case by other parties. 5 *Collier*, Id., at page 1109–23.

■ The intervention provided for in Rule 10–210(b) is permissive, coming within the terms of Federal Rule of Civil Procedure 24(b)(1) and is to be granted in the discretion of the Court upon a showing of cause therefor. 6 *Collier on Bankruptcy* (14th ed.) ¶ 9.25.

See, generally, as to the right of intervention under Rule 24 in reorganization proceedings, *In re Federal Facilities Realty Trust*, 220 F.2d 495 (7th Cir. 1955), which says that the predecessor section of the Bankruptcy Act allows the Court, for cause shown, to permit a party in interest to intervene; and *Seaboard Terminals Corp. v. Western Maryland Ry. Co.*, 108 F.2d 911 (4th Cir. 1940), which held that a statute granting a permissive right of intervention in a corporate reorganization proceeding cannot be considered a restriction upon ordinary rules of intervention.

■ In exercising the discretion granted by Rule 10–210(b), the Court will consider whether the intervention sought will unduly delay the case or the rights of the parties thereto. *Knapp v. Detroit Leland Hotel Co.*, 153 F.2d 715 (6th Cir. 1946).

■ Permissive intervention should be denied if the claim or defense of the applicant departs from the field of litigation of the original parties in such manner as to complicate and delay termination. *Matter of Willacy County Water Control and Improvement District No. 1*, 36 F.Supp. 36 (S.D.Texas 1940).

"The . . . practical considerations against interventions are the danger of confusion arising from the presence of too many parties and the possible increases in the allowances and costs." *Manufacturers Trust Company v. Kelby*, 125 F.2d 650 (2nd Cir. 1942), cert. den. 316 U.S. 697, 62 S.Ct. 1293, 86 L.Ed. 1766 (1942). (The Court went on to find "no reason why there should be any undue confusion.")

█ None of the concerns raised in the above cases would militate against the intervention of the State of Iowa in the present matter. The state was prompt in filing its motion soon after the inception of the case so that the matters raised could be considered promptly and without delaying the progress of the case. Indeed, the state's intervention might well save the time and resources of the Court and of the other parties. The state has available to it records and witnesses that would be more difficult and expensive for other parties to obtain, if they were to raise the same issues (which, indeed, they have so raised). The "field of litigation" in which the state is interested is exactly the same as that being raised by a number of creditors of this debtor, and the hearing of the state's motion for appointment of a trustee may well make hearing the motion of the creditors unnecessary, or at least will greatly simplify such hearings.

Further, it should be kept in mind that this is a Chapter 11 proceeding, under which, if it is successful, the debtor will remain in business and subject to the continuing supervision of the office of the State Auditor. The auditor's office, therefore, has an abiding and compelling interest in the operation of Citizens Loan that might not exist were this a Chapter 7 liquidation proceeding. Given these circumstances, the Court feels that participation by the state in these proceedings is in the best interest of the creditors and of the proposed reorganization of the debtor.

In *Securities and Exchange Commission v. United States Realty and Improvement Co.*, 310 U.S. 434, 60 S.Ct. 1044, 84 L.Ed. 1293 (1940), the Supreme Court states that Rule of Civil Procedure 24(b) "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." 310 U.S. at 459, 60 S.Ct. at 1055. That case approved intervention by the Securities and Exchange Commission, finding that the Commission was charged with the performance of important public duties in every case under Chapter X, and that the Commission had a "sufficient interest in the maintenance of its statutory authority and the performance of its public duties to entitle it through intervention to prevent reorganizations which rightly should be subject to its scrutiny from proceeding without it. . . . 'The claim or defense' of the Commission founded upon this interest has a question of law in common with the main proceedings . . . within the requirements of Rule 24 and intervention was properly allowed."

The state's interest in its duty and responsibility in supervising industrial loan companies is similar to that of the Securities and Exchange Commission in the above cited case. In addition to that interest, however, is the general state interest in the welfare of its citizens, and in asserting matters which would be difficult or unduly expensive to assert by the individual certificate holders of this debtor.

This Court, therefore, in exercise of the discretion afforded it under Rule 24 of the Federal Rules of Civil Procedure, and Bankruptcy Rule 10–210(b), hereby sustains the Motion of the State of Iowa ex rel. State Auditor to intervene generally in this matter.