**In re COMMERCIAL FINANCE CORPO-
RATION OF NEVADA, Debtor.**

**Bankruptcy No. 81–00507.**

United States Bankruptcy Court,
District of Columbia.

Dec. 16, 1981.

Francis DiCello, for United States Trustee.

Mark S. Goldstein, Goldstein, Blitz & Rosenberg, Bethesda, Md., for debtor.

## MEMORANDUM OPINION

(Trustee's Standing to File a Motion for
Conversion to Chapter 7)

ROGER M. WHELAN, Bankruptcy
Judge.

This case was commenced on September 11, 1981. On October 5, 1981, the United States Trustee filed a motion to convert the case to a Chapter 7. In support of the

motion, allegations were made that the debtor corporation lacked the working capital to pay any administrative expenses of the bankruptcy proceeding and that there was an absence of a reasonable likelihood of rehabilitation. The debtor in response to this motion filed an opposition to the motion for conversion to Chapter 7. One of the defenses raised in this opposition was that the United States trustee has no authority to move the Bankruptcy Court for conversion. The Debtor contends that 28 U.S.C. § 586(a) does not confer upon the United States trustee the authority to actively intervene in the course of a Chapter 11 proceeding absent an order from this Court. In addition, a further argument was raised that the United States Trustee does not have standing to file such a motion as under 11 U.S.C. § 1112(b)—only a party in interest may request the Court to convert a case. The debtor contends that the United States Trustee is not a party in interest. For the reasons which will be more fully explained in this opinion, the Court finds that for limited purposes the United States Trustee does have the authority to file a motion to convert from a Chapter 11 to a Chapter 7.

 The legislative history is unclear as to whether the United States Trustee can move to convert a Chapter 11 reorganization to a Chapter 7. Chapter 15, Subchapter XI of Title 11 does not specifically give the United States Trustee any independent power to move for conversion of a Chapter 11 reorganization case.[1] The intent of Congress through this subchapter was to modify the reorganization section for the experimental United States Trustee program districts as the reorganization sections, as finalized by Congress, made no reference to the United States trustee.[2] Therefore, Chapter 15, Subchapter XI was added by Congress to modify the reorganization sections to conform to the United States Trustee system in the pilot districts. For instance, 11 U.S.C. § 1104(a) provides that:

"At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest, and after notice and a hearing, the court shall order the appointment of a trustee...".

11 U.S.C. § 151104(a) was enacted to provide that the United States Trustee in the pilot program districts could also move for appointment of a trustee. That section provides that:

"At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest *or the* United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee...". [emphasis added]

The problem has arisen in this case as to whether it was Congress's intent to not allow the United States Trustees to move for conversion of a case. This Court thinks not. While it is true that Congress did not enact a specific section in Chapter 15 to modify 11 U.S.C. § 1112(b) to include the United States Trustee as a party who could move for conversion, the Court feels this was done more as an oversight as opposed to a clear intent to exclude the United States Trustee as a party entitled to this privilege. The Court finds this for the following reasons.

First, there is no legislative history in which Congress displays an intent to exclude the United States Trustee from being able to file a motion to convert.

 Second, pursuant to 11 U.S.C. § 151104(a)(2) the United States Trustee may request the appointment of a trustee or examiner in a Chapter 11 reorganization. If the United States Trustee is given authority to, at any time in a proceeding prior to confirmation, move for appointment of a trustee, it seems inappropriate to think that Congress wanted to bind his hands and not allow him to move for conversion of a case when there is no money to pay any of the

---

1. 5 Collier on Bankruptcy § 1112.03 at 1112–11 (15th ed. 1981).

2. It appears that no mention was made to the United States Trustee as the United States Trustee program is only in ten districts.

administrative expenses of the bankruptcy. If the United States Trustee was not allowed to file a motion to dismiss the case prior to a trustee being appointed, this would mean that in order to get a case dismissed for inability to pay administrative expenses, the United States Trustee would first have to move for appointment of a trustee, who in turn would then request that the Court convert the case for inability to pay the administrative costs. The estate would then be burdened with the additional costs of the compensation to be paid to the trustee for the time expended while he was moving for conversion.

■ Third, under 11 U.S.C. § 1109(b)

"A party in interest *including* the debtor, the trustee, a creditor's committee, an equity security holder's committee, a creditor, an equity security holder, or an indenture trustee, may raise and may appear and be heard *on any issue* in a case under this chapter." [emphasis added]. The party in interest statute has been interpreted in *In re Citizen's Loan & Thrift Co.*,[3] to not be limited to just the parties specifically provided for in that subsection. Further, according to the statutory rules of construction of the Bankruptcy Code, the word "including" is not a word of limitation.[4] The Court in *In re Citizen's Loan & Thrift Co.* found that § 1109(b) is to be construed broadly in order to permit affected parties to appear and be heard. In dicta the Court stated that even if the state agency they were dealing with was not found to be a party in interest under the liberal interpretation of § 1109(b) that at the court's discretion permissive intervention could be allowed under Rule 10–210(b)

upon a showing of cause.[5] However, this court finds that because of the supervisory and administrative nature of the United States Trustee, the United States Trustee in all cases where there is an alleged inability on the part of the debtor to pay the administrative costs of a case can move for conversion.

■ Fourth, one of the principal designs of Congress when enacting the Bankruptcy Reform Act was to create a new judicial structure whereby the administrative responsibilities of a bankruptcy case were separated from the judicial duties. However, this Court does not feel that Congress ever intended to not allow the administrative end of the structure to inform the judicial end when there appeared to be a potential for an administrative insolvency in a case.

■ Fifth, the United States Trustee is given the power under 28 U.S.C. § 586(a)(3) to "supervise the administration of cases and trustee in cases under Chapter 7, 11, and 13." Further, under 28 U.S.C. § 586(a)(5) the United States Trustee is to "perform the duties prescribed for the United States under Title 11." While it is true that the administration of a case is generally left in the hands of private trustees and debtors in possession, it is the duty of the United States Trustee to supervise and oversee the administration of cases by trustees and debtors in possession who are serving therein.[6] "Expedition and efficiency are essential ingredients of all cases under the Code."[7] The United States Trustee's duty is to see that "cases are not neglected, are moved with all due speed and are brought to a conclusion at the earliest time."[8] If the United States Trustee

---

3. 7 B.R. 88, 3 C.B.D. 132, 6 B.C.D. 1199 (Bkrtcy., N.D.Iowa 1980).

4. 11 U.S.C. § 102(3) which deals with the rules of construction of the Code, provides: "(3) 'includes' and 'including' are not limiting."

5. Rule 10–210(b) provides: "The court may for cause permit any person to intervene generally or with respect to any specified matter in a Chapter X case."

6. 1 Collier on Bankruptcy ¶ 6.18 at 6–85 (15 ed. 1981).

7. 1 Collier on Bankruptcy ¶ 6.18(2) at 6–85 (15 ed. 1981).

8. *Id.*

makes a determination in a case that in his opinion there is not enough money to pay the administrative expenses of the reorganization, then he would be remiss in his duties not to move for conversion. While the United States Trustee's duty is to conduct the affairs of the estate in a manner that would accomplish the statutory objectives—and "in a chapter 11 the primary objective is rehabilitation of the debtor by confirmation of the plan"[9]—this does not mean that if the United States Trustee finds the debtor incapable of rehabilitation that he must continue to seek rehabilitation. It must be remembered that it is ultimately for the Bankruptcy Court to decide whether to dismiss or convert a case. In this opinion the Court is only addressing who may bring the issue before the Court. Since in the pilot programs the Code transfers from the Bankruptcy Judge many of his supervisory powers to the United States Trustee, this Court feels that the United States Trustee has the right to raise the issue of conversion if during his supervision of the cases he has cause to believe there is an inability to pay the administrative costs. Therefore, because of the supervisory and administrative role the United States Trustee plays, this Court finds that the United States Trustee has standing to bring a motion to convert a Chapter 11 to a Chapter 7 when the motion is based on an allegation that the debtor has an inability to pay the administrative costs associated with a Chapter 11.

It is also interesting to note that in an evaluation of the United States Trustee Pilot Program submitted to the United States Department of Justice Procurement Operations Group,[10] it was stated that:

"[i]n Chapter 11 corporation reorganization cases the United States Trustee works to protect the estate by assisting the debtor-in-possession to preserve assets and prevent administrative insolvency. The United States Trustee controls the administration of a Chapter 11 case through the appointment and supervision of a creditors' committee and through the United States Trustee's right to request that the court appoint a trustee to operate the debtor's business, liquidate the debtor's assets or propose a reorganization plan. The United States Trustee may also request an examiner to investigate the debtor's financial affairs. The United States Trustee has the right to move that the case be dismissed or converted to a Chapter 7 proceeding. In the event that the creditors' committee is inactive, the United States Trustee may have to make on-site inspections, demand proof of payment of major items of concern and require the submission of regular financial reports."

After a review and consideration of the above stated reasons, this Court finds that the United States Trustee has standing to file a motion to convert a Chapter 11 to a Chapter 7 when there are allegations made that the debtor has an inability to pay the administrative costs associated with a Chapter 11.

**9.** 1 Collier on Bankruptcy ¶ 6.18(2) at 6–85 (15 ed. 1981).

**10.** See page 8 of "A Proposal for the Study to Design and Conduct an Evaluation of the U. S. Trustee Pilot Program for Supervising the Administration of Bankruptcy Cases, Part 1 Technical Proposal, RFP No. JYUST–81–R–0058 submitted on September 28, 1981, to the United States Department of Justice Procurement Operation Group."