PIERCE, Circuit Judge:
 

 Gusam Restaurant Corp. (“Gusam”) appeals from an order of the United States Bankruptcy Court for the Eastern District of New York, Boris Radoyevich,
 
 Bankruptcy Judge,
 
 filed August 12, 1983, converting,
 
 sua sponte,
 
 Gusam’s Chapter 11 reorganization proceeding to a Chapter 7 liquidation case under the Bankruptcy Reform Act of 1978, 11 U.S.C. §§ 101-151326 (“Bankruptcy Code” or “Code”). On August 30, 1983, Judge Radoyevich issued a Memorandum Decision, reported at 32 B.R. 832 (Bankr.E.D.N.Y.1983), “in an effort to provide the appellate court with a more complete record of this Court’s decisional basis.”
 
 Id.
 
 at 833. On appeal, Gusam contends that the bankruptcy court lacked power to convert Gusam’s Chapter 11 petition to a Chapter 7 case pursuant to 11 U.S.C. § 1112(b) absent a request by a party in interest. We agree with Gusam and, consequently, we reverse and remand for further proceedings consistent herewith.
 

 I. BACKGROUND
 

 We state the facts succintly for purposes of this decision. Gusam filed its Chapter 11 petition on August 17, 1982. Pursuant to 11 U.S.C. § 1102(a), Judge Radoyevich appointed a creditor’s committee on August 25, 1982. On February 1, 1983, upon application by Gusam, the bankruptcy court issued an order authorizing Gusam to retain “Special Counsel for the limited purpose of representing the Debtor-in-Possession with respect to the sale of its assets.” After holding a hearing, Judge Radoyevich issued an order, filed April 25, 1983, approving the sale of Gusam’s business to Leechir Enterprises, Inc. (“Leechir”), for the amount of $275,000. To provide Leechir sufficient time to obtain a liquor license, the order directed the parties to hold the closing on the sale “within thirty (30) days of [Leechir] receiving final approval from the State Liquor Authority.” Shortly after approving Gusam’s sale and without request by any of Gusam’s creditors,
 
 [1]
 
 Judge Radoyevich issued another order, filed May 3, 1983, directing Gusam to show cause why the court should not dismiss its
 
 *276
 
 Chapter 11 petition or convert it to a Chapter 7 proceeding due to Gusam’s failure “to act pursuant to its duty under Section 1107(a) and Section 1106(a)(5)" of the Bankruptcy Code. The bankruptcy judge adjourned the hearing on the order to show cause on several occasions, largely at Gus-am’s request, to give Leechir additional time to obtain a liquor license. Leechir finally acquired the license in early July and the closing was held on July 18. Gus-am asserts that as of that date it began working with its attorneys to develop a liquidating plan which it intended to submit to its creditors and to the court. As of August 11, 1983 (the final return date for the order to show cause), however, Gusam had not submitted such a plan. At the August 11th hearing, Gusam’s attorney requested a further ten-day adjournment, asserting that at that time Gusam would be ready to file the plan with the court. The bankruptcy judge denied the request and, in a decision from the bench, sua
 
 sponte
 
 ordered the conversion of Gusam’s petition and appointed Jules V. Speciner as trustee to administer the estate. The bankruptcy judge explained his
 
 sua sponte
 
 exercise of power in a subsequent Memorandum Decision dated August 30,1983.
 
 In Re Gusam,
 
 32 B.R. 832 (Bankr.E.D.N.Y.1983). The parties agreed, pursuant to 28 U.S.C. § 1293(b),
 
 see John T. Mather Memorial Hospital, Inc. v. Pearl,
 
 723 F.2d 193, 194 n. 1 (2d Cir.1983), to submit Gusam’s appeal directly to this court. Upon review, we hold that the bankruptcy judge was without power to convert
 
 sua sponte
 
 the proceeding from Chapter 11 to Chapter 7 pursuant to section 1112(b), because conversion under that provision can take place only “on request of a party in interest.” II U.S.C. § 1112(b) (1982). Since no such request was made herein, we reverse and remand to the bankruptcy court for further proceedings consistent herewith.
 

 II. DISCUSSION
 

 Gusam contends that section 1112(b) confers power upon the bankruptcy court to convert a Chapter fl case to a Chapter 7 case only “on request of a party in interest.” Since “no party in interest” requested the bankruptcy court to convert, argues Gusam, the court herein was without power to do so
 
 sua sponte. See Warner v. Universal Guardian Corp.,
 
 30 B.R. 528, 529 (Bankr. 9th Cir.1983);
 
 In re Larmar Estates, Inc.,
 
 6 B.R. 933, 934-35 (Bankr.E.D.N.Y.1980);
 
 Zip Print, Inc. v. Keller,
 
 4 B.R. 676, 677 & n. 1 (Bankr.N.D.Ga.1980); 5 Collier on Bankruptcy ¶ 1112.01, at 1112-3, -4 (15th ed. 1983). We agree with Gus-am that a plain reading of section 1112(b) suggests that a court can convert a case only upon request by a party in interest.
 
 [2]
 
 Therefore, unless the legislative history contradicts the clear language of the statute, we must agree with Gusam that the bankruptcy court herein was without power to convert the proceedings
 
 sua sponte. See United States v. Holroyd,
 
 732 F.2d 1122, 1125 (2d Cir.1984) (“Our analysis is constrained by a fundamental rule of statutory construction: when the express language of a statute is clear, a court will not adopt a different construction absent clear legislative history contradicting the plain meaning of the words.”).
 

 Our own review of the legislative history indicates that the congressional intent is not contradicted, and indeed, is served by a plain reading of the statute. It is clear that a principal aim of the drafters of the new Code was to permit bankruptcy judges to concentrate on their judicial functions by relieving them of previously existing administrative burdens.
 
 See
 
 H.R.Rep. No. 595, 95th Cong., 2d Sess. 89-90,
 
 reprinted in
 
 1978 U.S.Code .Cong. & Ad.News 5787, 5963, 6050-51 (recounting various administrative duties of bankruptcy judges under
 
 *277
 
 the previous act, which “functions and duties ... constitute no part of [their] judicial responsibilities, and divert [them] from the important judicial and legal work that must be done in bankruptcy cases”). With this concern in mind, the House version of section 1112(b) provided that the court could dismiss Chapter 11 cases or convert them to Chapter 7 “on request of a party in interest.” H.R. 8200, 95th Cong., 1st Sess. (1977). In contrast, the Senate version of the provision expressly conferred power upon the bankruptcy court to dismiss or convert Chapter 11 cases “on its own motion.” S. 2266, 95th Cong., 1st Sess. (1977). Eventually, Congress adopted the House version of section 1112(b), deleting the Senate’s reference to the,, court’s power to act “on its own motion” and, instead, providing that the bankruptcy court could convert or dismiss “on request of a party in interest.”
 
 See
 
 5 Collier on Bankruptcy ¶ 1112.01, at 1112-4 (15th ed. 1983).
 

 Our interpretation of the legislative intent is reinforced by the statements of Congressman Edwards and Senator DeConcini, the sponsors of the Code, made in reference to section 102, which sets forth the Code’s rules of construction. The sponsors stated as follows:
 

 [T]he phrase “on request of a party in interest” or a similar phrase, is used in connection with an action that the court may take in various sections of the Code.
 
 The phrase is intended to restrict the court from acting sua sponte.
 
 Rules of bankruptcy procedure or court decisions will determine who is a party in interest for the particular purposes of the provision in question, but
 
 the court will not be permitted to act on its own.
 

 124 Cong.Rec. 32,393 (1978) (statement of Congressman Edwards) (emphasis added); 124 Cong.Rec. 33,993 (1978) (statement of Senator DeConcini) (emphasis added). The above-quoted language makes clear that the very purpose of inserting the phrase “on request of a party in interest” in the final version of section 1112(b) was to keep the court from acting
 
 sua sponte.
 

 In short, the legislative intent — as evinced by the drafters’ concern with excessive judicial entanglement in administrative matters, the eventual selection of the House version over the Senate version of section 1112(b), and the sponsors’ statements as to the purpose and meaning of the phrase “on request of a party in interest” — is not contradicted, and indeed, is furthered by permitting the bankruptcy court to act under section 1112(b) only upon request by a party in interest.
 
 [3]
 

 Finally, because we conclude that the bankruptcy court was without power to convert
 
 sua sponte
 
 a Chapter 11 proceeding to a Chapter 7 case pursuant to section 1112(b), we need not address Gusam’s further contention that under the facts of this case there was no cause for conversion and, therefore, that the bankruptcy judge abused his discretion.
 

 III. CONCLUSION
 

 For the foregoing reasons, we reverse the order of the bankruptcy court and we remand for further proceedings consistent herewith.
 

 [1]
 

 . The bankruptcy judge stated in his Memorandum Decision dated August 30, 1983, that he issued the order to show cause "[ujpon application made April 24, 1983, by Rosemary Murato-ri, the Estate Administrator
 
 ...." In re Gusam,
 
 32 B.R. at 833. Since it is undisputed that the Estate Administrator is not a party in interest under section 1112(b), we consider for purposes of this decision that the bankruptcy judge acted
 
 sua sponte.
 

 [2]
 

 . Section 1112(b) states, in relevant part, as follows:
 

 Except as provided in subsection (c) of this section, on request of a party in interest, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause ....
 

 11 U.S.C. § 1112(b) (1982).
 

 [3]
 

 . Appellee seeks to circumvent section i 112(b) by arguing that the bankruptcy judge had the power to convert Gusam's petition to a Chapter 7 case under section 105(a) of the Code, which provides that "[t]he bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.” 11 U.S.C. § 105(a) (1982). We reject this argument, however, since "[wjhere a particular and a general enactment may both be applicable, it is settled statutory construction that the particular ... will control.”
 
 Essenfeld v. Commissioner,
 
 311 F.2d 208, 210 (2d Cir.1962);
 
 see Morton v. Mancari,
 
 417 U.S. 535, 550-51, 94 S.Ct. 2474, 2482-83, 41 L.Ed.2d 290 (1974).