**In the Matter of Robert M. LOZANO, Debtor-Appellant.**

**Robert J. GRISWOLD, Chapter XIII Trustee,**

v.

**BANCO CENTRAL, Creditor Appellee.**

**Civ. Nos. 84–0374 GG to 84–0377 GG.**

United States District Court, D. Puerto Rico.

Oct. 5, 1984.

---

William Davila de Pedro, Hato Rey, P.R., for plaintiffs.

## OPINION AND ORDER

GIERBOLINI, District Judge.

These cases are before us on appeal by debtor Robert M. Lozano from an order of Bankruptcy Judge Antonio I. Hernández which converted the Chapter 13 proceeding to a Chapter 7 liquidation *sua sponte*. Debtor challenges the validity of the *sua sponte* conversion and the naming of a Chapter 7 trustee because no cause was shown nor was a hearing held.

Succinctly stated, the facts are as follows: Robert M. Lozano (debtor) filed his Chapter 13 petition on November 5, 1982. Thereafter, on December 7, 1982 debtor submitted his first plan which was opposed by Banco Central (creditor)[1] for failure to comply with 11 U.S.C. § 1322. The Bankruptcy Court allowed debtor to amend his plan and on August 10, 1983 an amended plan was filed. This plan was also opposed by creditor on August 23, 1983.

A hearing regarding the confirmation of the second plan was held on August 24, 1983. Since this plan was also found to be in noncompliance with the requisites of 11 U.S.C. § 1322, debtor was granted ten days to amend his plan. Debtor filed a third plan on September 2, 1983 to which creditor filed another opposition. At the confirmation hearing held on October 5, 1983, the Bankruptcy Court again found that debtor's plan failed to comply with legal requirements and therefore, proceeded to convert the Chapter 13 proceedings to a Chapter 7 liquidation.

On October 21, 1983 the court entered an order granting relief under Chapter 7 and another order naming the trustee. Debtor timely appealed both orders on October 28, 1983. These orders were docketed on November 16, 1983 and were mistakenly appealed again by debtor. Thus, for the purposes of our discussion, we shall treat the four appeals together.

Title 11 U.S.C. § 1307 provides in relevant part:

> Except as provided in subsection (e) of this section, on request of a party in interest and after notice and a hearing, the court may convert a case under this chapter ... to a case under chapter 7 of this title ..., or may dismiss a case under this chapter ..., whichever is in the best interests of creditors and the estate, for cause, ...

Under the circumstances of the instant case, cause might possibly exist which would warrant conversion to Chapter 7 since denial of confirmation of a Chapter 13 Plan is one of the express grounds provided in Section 1307(c) as cause for conversion of a case to one under Chapter 7. Notwithstanding, we find that the bankruptcy judge was without power to convert *sua sponte* the proceeding from Chapter 13 to Chapter 7 pursuant to Section 1307(c), because conversion under that provision can take place only "on request of a party in interest." 11 U.S.C. § 1307(c).

We have examined the legislative history of 11 U.S.C. § 1112(b),[2] which contains

---

1. Banco Central is a secured creditor on a $9,000.00 mortgage note.

2. The House version of Section 1112(b) which was adopted by Congress provided that the court dismiss Chapter 11 cases or convert them to Chapter 7 "on request of a party in interest." H.R. 8200, 95th Cong., 1st Sess. (1977). The reference in the Senate version expressly conferring power upon the bankruptcy court to dis-

identical language and conclude that the phrase "on request of a party in interest" was inserted in the final version of Section 1112(b) with the express purpose of restricting the court from acting *sua sponte*. *See In Re Gusam Restaurant Corp.*, 737 F.2d 274 (2nd Cir.1984); *Re Terry*, 630 F.2d 634, 636, n. 5 (8th Cir.1980) (held that under Section 1307 bankruptcy court cannot order dismissal or conversion on its own).

The legislative intent is clearly evidenced by the statements of Congressman Edwards and Senator DeConcini, the sponsors of the Bankruptcy Code of 1978. In reference to Section 102, which provides the rules of construction for that Code, they expressed that

> [T]he phrase "on request of a party in interest" or a similar phrase, is used in connection with an action that the court may take in various sections of the Code. *The phrase is intended to restrict the court from acting sua sponte.* Rules of bankruptcy procedure or court decisions will determine who is the party in interest for the particular purposes of the provision in question, *but the court will not be permitted to act on its own.* 124 Cong.Rec. 32,393 (1978) (statement of Congressman Edwards) (emphasis supplied); 124 Cong.Rec. 33993 (1978) (statement of Senator DeConcini) (emphasis supplied).

Finally, because we find that the Bankruptcy Court was without power to convert *sua sponte* a Chapter 7 case pursuant to Section 1307(c), we need not address debtor's argument that under the present facts there was no cause for conversion.

WHEREFORE, in view of the foregoing, the orders of the Bankruptcy Court are hereby vacated and set aside and these cases are remanded for further proceedings in accordance herewith.

SO ORDERED.

miss or convert "on its own motion" was delet-   ed. S.2266, 95th Cong., 1st Sess. (1977).