## In re A-1 TRASH PICK-UP, INC.

### Nos. 84–00472–R, CA 85–0625–R.

United States District Court,
E.D. Virginia,
Richmond Division.

Jan. 15, 1986.

James R. Sheeran, Richmond, Va., for debtor.

William C. White, U.S. Trustee.

Debra K. Frick, Norfolk, Va., for trustee.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, District Judge.

This matter comes before the Court on an appeal from a Bankruptcy Court order. The question presented is whether the U.S. Trustee has standing to move the dismissal of a debtor's Chapter 11 proceedings or their conversion to Chapter 7 status.

A–1 Trash Pick-up (A–1) filed a Chapter 11 petition in April of 1984, along with a disclosure statement and a reorganization plan. On May 6, 1985, the United States Trustee moved the Bankruptcy Court to either dismiss A–1's reorganization pro-

ceedings or else convert them to Chapter 7 status. The basis for the Trustee's motion was that the debtor had failed in three attempts to obtain approval of its disclosure statements and reorganization plans.

The debtor challenged the standing of the U.S. Trustee to make this motion, contending that he was not a "party in interest" within the meaning of §§ 1109(b) and 1112(b) of the Bankruptcy Code, 11 U.S.C. §§ 1109(b) and 1112(b).[1] After a hearing on the issue, the Bankruptcy Court denied A–1's motion, and later heard the merits of the U.S. Trustee's motion. The Court dismissed A–1's proceedings, an order from which A–1 appeals.

The Court has jurisdiction pursuant to 28 U.S.C. § 158(a), and, as the issue is a matter of law, the standard of review is *de novo*. *Caswell v. Lang*, 757 F.2d 608 (4th Cir.1985); *Matter of Newcomb*, 744 F.2d 621 (8th Cir.1984).

When Congress passed the Bankruptcy Reform Act of 1978, creating the office of the U.S. Trustee, it intended that the "United States trustee will be the repository of many of the administrative functions now performed by bankruptcy judges." H.R. Rep. No. 595, 95th Cong., 1st Sess. 88 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6049. The Trustee is "to supervise bankruptcy administration, and [ ] fill the vacuum of lack of creditor participation, where necessary to assure a fair and efficient administration." *Id.* at 100, *reprinted in* 1978 U.S.Code Cong. & Ad.News at 6061.

Although showing a strong intent to give the U.S. Trustee an active part in the administration of bankruptcy proceedings,[2]

---

**1.** Section 1109(b) provides that

A party in interest including the debtor, the trustee, a creditor's committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

Section 1112(b) states that

Except as provided in subsection (c) of this section, on request of a party in interest, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a

case under this chapter, whichever is in the best interest of creditors and the estate, for cause ...

**2.** "The nature of the duties of the United States trustees makes them the administrative officers of the bankruptcy system.... They will serve as enforcers of the bankruptcy laws by bringing proceedings in the bankruptcy courts in particular cases in which a particular action deviates from the standards established by the proposed bankruptcy code." H.R.Rep. No. 595, 95th

Congress never explicitly gave the U.S. Trustee party in interest status for all purposes.[3] Chapter 15 of the Code, controlling the duties and activities of the U.S. Trustee, does not give the U.S. Trustee any authority to move for the conversion or dismissal of a case. Nor does 28 U.S.C. § 586, which prescribes the duties of U.S. Trustees, other than requiring the U.S. Trustee to "supervise the administration of cases and trustees in cases under chapter 7, 11, or 13 of title 11." 28 U.S.C. § 586(a)(3). Indeed, Congressman Edwards and Senator DeConcini, the sponsors of the Code, stated that the "[r]ules of bankruptcy procedure or court decisions will determine who is a party in interest for the particular purposes of the provision in question." 124 Cong.Rec. 32,293 (1978) (statement of Congressman Edwards); 124 Cong.Rec. 33,993 (1978) (statement of Senator DeConcini).

Thus, the legislative history establishes that Congress intended that the U.S. Trustee play an energetic role in the administration of bankruptcy proceedings. While neither it nor the Bankruptcy Code clearly grant the U.S. Trustee party in interest status in all situations, the thrust of the various Code sections and the Congressional intent is that the U.S. Trustee be accorded party in interest status with respect to administrative responsibilities under the Code.

The Bankruptcy Rules, and the notes, support this interpretation of the legislative history. Rule X–1009(a) states that "the United States trustee may raise and appear and be heard on any case relating to his responsibilities in a case under the Code." The Advisory Committee Notes provide that the U.S. Trustee

should have the opportunity, for example, to object to or support actions proposed to be taken by a chapter 7 trustee. Similarly, he should have the opportunity to move to convert or dismiss a chapter 11 case if the operation of the business or management of the property precludes effective administration of the case under that chapter. This rule does not attempt to expand the authority of the United States trustee to move to convert or dismiss a case under § 1112(b), and leaves the interpretation of that provision to the courts.

A canvassing of the case law, however, reveals a dearth of reported opinions on this precise issue. Still, reported opinions and references suggest that the U.S. Trustee is a party in interest within the circumstances of this case. This, of course, gives him the standing necessary to make the motion to convert or dismiss.

In *In re Commercial Finance Corporation of Nevada,* 16 B.R. 98, 101 (Bankr.D. D.C.1981), the Court held that the trustee had standing "to file a motion to convert a Chapter 11 to a Chapter 7 when there are allegations made that the debtor has an inability to pay the administrative costs associated with a chapter 11." In that case, the U.S. Trustee moved for conversion based on his administrative and supervisory powers, and the court rested its decision on the U.S. Trustee's administrative responsibilities under the Code. The court noted that "it is ultimately for the Bankruptcy Court to decide whether to dismiss or convert a case," the standing issue involving only "who may bring the issue before the Court." *Id.*

Other references to this issue buttress the opinion in *Commercial Finance,* but are not actually holdings to that effect. In *In re Gusam Restaurant Corp.,* 323 B.R. 832, 834 (Bankr.E.D.N.Y.1983), *rev'd on other grounds,* 737 F.2d 274 (2d Cir.1984),

Cong., 1st Sess. 109 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News at 6070.

**3.** 5 Collier on Bankruptcy ¶ 1112.03 at 1112–12 (15th Ed. 1985). At one point, the legislative history does state that "the court will determine, on request of *any party in interest, including the United States trustee,* whether a trustee should

be appointed in the case." H.R.Rep. No. 595, 95th Cong., 1st Sess. 104 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News at 6065 (emphasis added). This language, however, does not concern whether a U.S. Trustee is a party in interest within the meaning of §§ 1109 and 1112.

the court stated that the "United States Trustee [was] a recognized party-in-interest for the purposes of § 1112(b) ..." The statement, however, was dicta.[4] A Second Circuit decision, *In re Tiana Queen Motel, Inc.*, 749 F.2d 146, 150 (2d Cir.1984), *cert. denied sub nom. De Marco v. A. Illum Hansen, Inc.*, —— U.S. ——, 105 S.Ct. 2681, 86 L.Ed.2d 699 (1985), also avoided deciding this issue, stating only that "[t]here is support for the proposition that the United States Trustee should be considered a 'party in interest' within the meaning of § 1112(b)."[5] Additionally, the leading bankruptcy treatise suggests that the U.S. Trustee has standing to make this type of motion.[6]

The appellant's argument hinges on the meaning of a party in interest under the Bankruptcy Code. A–1 contends that a party in interest "is a player who is an adversary and a litigant, while the United States [trustee] remains on the sidelines ... supervising and administering a case." Brief of Appellant at 5. A–1 relies on pre-Code definitions of a party in interest. This line of argument, however, misses the point. The United States trustee did not appear on the scene until Congress revised the bankruptcy laws in 1978. Since then, the rules of the game have changed as to the administration of bankruptcy cases.

Definitions of a party in interest under the Act do not necessarily control the status of the U.S. Trustee under the Code. Courts will define the scope of the U.S. Trustee's standing, as a party in interest, on a case-by-case basis, according to the ground on which the U.S. Trustee appears. Additionally, the U.S. Trustee's supervisory and administrative responsibilities require, in some instances, the ability to move for conversion or dismissal. The result may be the same as a motion made on an adversarial basis, but the motive and stimulus for making the motion is far different.

A–1 maintains that the proper procedure in cases such as this is for the U.S. Trustee to move for the appointment of a trustee pursuant to 11 U.S.C. § 151104(a). Being a recognized party in interest, the trustee could then move for the dismissal or conversion of the case. But, this procedure only requires the estate to pay further administrative expenses involved in the motion for conversion, which could be avoided simply by allowing the U.S. Trustee to make this sort of motion. *See In re Commercial Finance*, 16 B.R. at 99–100. Surely, Congress did not intend that the supervision and administration of bankruptcy cases require such needless adherence to mere technical procedure.[7]

4. In *Gusam,* the Bankruptcy Court *sua sponte* converted a chapter 11 proceeding to a chapter 7 case. The Second Circuit reversed and held that the Bankruptcy Court lacked the power to convert *sua sponte,* the court not being a party in interest within § 1112(b). 737 F.2d at 276. That decision dovetails with the issue here before the Court. Congress intended that the U.S. Trustee assume the administrative responsibilities previously exercised by Bankruptcy Courts, leaving judges free to perform judicial functions. Standing, and party in interest status, in certain circumstances, are necessary corollaries to those responsibilities.

5. The Court cited the *Commercial Finance* decision and 5 Collier on Bankruptcy ¶ 1112.03 at 1112–11 to –12 (15th Ed. 1984).

6. 5 Collier on Bankruptcy ¶ 1112.03 at 1112–12 (15th Ed. 1985), after noting that "whether a United States trustee can move to convert or dismiss a chapter 11 case is unclear," goes to say that the determination should be made

by reference to the grounds upon which the application is made. Since the United States trustee has supervisory power in a chapter 11 case, a motion based on the debtor's failure to comply with the provisions of the Code would be proper. An example of a case where the United States trustee would have standing would be where the motion to convert or dismiss was based upon the debtor's failure to prosecute the case to the detriment of the creditors."

*Id.* (citing Rule X–1009).

7. The *Commercial Finance* court noted that:

If the United States Trustee was not allowed to file a motion to dismiss the case prior to a trustee being appointed, this would mean that in order to get a case dismissed for inability to pay administrative expenses, the United States Trustee would first have to move for appointment of a trustee, who in turn would then request the Court convert the case for inability to pay the administrative costs. The estate would then be burdened with the addi-

**384**

All of the foregoing authority supports the proposition that the U.S. Trustee may make a motion to convert or dismiss a Chapter 11 case, if such motion is made pursuant to the Trustee's administrative and supervisory responsibilities. There is no authority *contra*. The facts of this case suggest that the U.S. trustee made the motion pursuant to his administrative and supervisory powers.

The U.S. Trustee's motion resulted from the debtor's repeated filing of disclosure statements and reorganization plans. The Bankruptcy Court had not accepted a first disclosure statement and plan of reorganization, an amended disclosure statement and plan of reorganization, or a second amended disclosure statement and reorganization plan. A–1 had also failed to disclose that its sole shareholder had filed a Chapter 13 petition. The U.S. Trustee had previously requested the conversion of this case to Chapter 7, and the two cases contained many of the same debts listed on the schedules of A–1 Trash Pickup.

The U.S. Trustee argued before the Bankruptcy Court that these actions constituted bad faith by the debtor in the filing of the Chapter 11 petition and the proposal of a plan. The U.S. Trustee acted consistently with his watch-dog responsibilities under the Code in making this motion. Since it related to his administrative responsibilities, he had standing to make the motion.

For the above-stated reasons, the Order of the Bankruptcy Court is AFFIRMED. An order to this effect shall issue.

tional costs of the compensation to be paid to the trustee for the time expended while he was moving for conversion.