DONALD RUSSELL, Circuit Judge:
In April of 1984 A-1 Trash Pickup (A-1) filed a petition for reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 et seq., in the Bankruptcy Court for the Eastern District of Virginia. A-l filed a disclosure statement and a plan of reorganization along with its petition, but the bankruptcy court approved neither. A-l then filed two more disclosure statements and plans of reorganization, but these also did not receive approval. It then developed that A-l had not disclosed that its sole shareholder had filed for a Chapter *775 13 bankruptcy even though the shareholder’s case had many debts and debtors in common with the A-l bankruptcy. Apparently believing that these failures evidenced the bad faith of A-l, the United States trustee,[1] in May of 1985, moved before the bankruptcy court for either the dismissal of A-l’s Chapter 11 proceedings or the conversion of its Chapter 11 proceedings into Chapter 7 proceedings.
Opposing this motion, A-l argued that the United States trustee was not a “party in interest” within the meaning of 11 U.S.C. § 1112(b)[2] and could not move for conversion or dismissal of the Chapter 11 proceedings. The bankruptcy court rejected that argument after a hearing, however, and later granted the trustee’s motion by dismissing A-1’s petition. Cf. In re Stapleton, 55 B.R. 716 (D.Ga.1985). A-1 then sought relief from the District Court for the Eastern District of Virginia, but the district court agreed that the trustee had standing to move for a dismissal and that dismissal was proper, 57 BR 380. A-1 then appealed to this court and presented the same argument that the trustee did not have standing to move for conversion or dismissal of the Chapter 11 proceedings. As a result, we face the narrow question of whether, under the facts of this case, the United States trustee was a “party in interest” within the meaning of § 1112(b) when he moved for a dismissal or conversion of the Chapter 11 proceedings. Convinced that he was a party in interest, we affirm the decision of the district court.
The legislative history of the Bankruptcy Reform Act of 1978 indicates that Congress expected for United States trustees to oversee administration of bankruptcy cases and act as “watchdogs ... preventpng] fraud, dishonesty, and overreaching in the bankruptcy arena.” H.Rep. No. 989, 95th Cong., 2d Sess. 88, reprinted in 1978 U.S. Code Cong. & Ad. News 5787, 5963, 6049. The previous bankruptcy system had relied on creditors to play a large part in administering bankruptcies through selecting a trustee and overseeing his collection of assets, but by 1978 Congress recognized that many creditors simply “wrote off” debts to bankrupts and ignored bankruptcy proceedings rather than incur legal fees. Id. at 88-99, U.S. Code Cong. & Ad. News at 6049-61. As a result, circumstances frequently forced bankruptcy judges into the role of administering bankruptcies, and this often included actually overseeing the identification, collection, and liquidation of assets. Id. at 89-91, U.S. Code Cong. & Ad. News at 6051-52. Of course, this administrative role was inconsistent with the judge's role as an impartial arbiter of disputes.[3] Id. at 89-91, U.S. Code Cong. & Ad. News at 6051-52. As a consequence, Congress created the office of United States trustee to “fill the vacuum of lack of creditor participation,” id. at 100, U.S. Code Cong. & Ad. News at 6061, and to create an “enforcer[ ] of the bankruptcy laws [who would bring] proceedings in the bankruptcy courts in particular cases in which a particular action taken or proposed to be taken deviate[d] from the standards established by the ... bankruptcy code.” Id. at 109, U.S. Code Cong. & Ad. News at 6070. Accordingly, when Congress created the office of United States trustee, it expected the trustees to actively oversee the *776 administration of bankruptcy cases and to intervene whenever particular actions threatened an abuse of the bankruptcy system or its procedures.
Unfortunately, when Congress enacted § 1112(b), it did not make it clear that a United States trustee was a “party in interest” with the ability to perform his duty by moving for a conversion or dismissal of Chapter 11 proceedings.[4] Bankruptcy Rule X-1009, however, provides that “[t]he United States trustee may raise and appear and be heard on any issue relating to his responsibilities in a case under the Code.” The Advisory Committee Note following Rule X-1009, moreover, states that the United States trustee “should have the opportunity to move to convert or dismiss a chapter 11 case if the operation of the business or management of the property precludes effective administration of the case.” The note limits this language somewhat by going on to say that Rule X-1009 does not expand the trustee’s authority to act under § 1112(b), but by recognizing that the trustee can move under § 1112(b) when the debtor’s failures interfere with administration of the case, the Advisory Committee Note implicitly accepts the notion that the United States trustee has standing to move for a dismissal or conversion under § 1112(b) whenever that would advance the trustee’s interest in successful administration of the case.
Similarly, the only courts to consider this issue have concluded that the trustee can move under § 1112(b) whenever such a motion would advance administration of the case. Relying on this rationale, the court in In re Commercial Finance Corp. of Nevada, 16 B.R. 98, 101 (Bankr.D.D.C. 1981), ruled that a United States trustee had standing “to file a motion to convert a Chapter 11 to a Chapter 7 when there [were] allegations made that the debtor [had] an inability to pay the administrative costs associated with a Chapter 11.” Relatedly, although making the statement only as dicta, the court in In re Gusam Restaurant Corp., 32 B.R. 832, 834 (Bankr.E.D.N.Y.1983), rev’d on other grounds, 737 F.2d 274 (2d Cir.1984), stated that the “United States Trustee [is] a recognized party-in-interest for the purposes of § 1112(b),” and the Second Circuit in In re Tiana Queen Motel Inc., 749 F.2d 146, 150 (2d Cir.1984), cert. denied, — U.S. —, 105 S.Ct. 2681, 86 L.Ed.2d 699 (1985) observed that “[t]here is support for the proposition that the United States Trustee should be considered a ‘party in interest’ within the meaning of § 1112(b).” In fact, in its opinion in In re Gusam Restaurant, 737 F.2d 274, 276-77 (2d Cir.1984), the Second Circuit convincingly demonstrated that Congress actually inserted the “party in interest” language into § 1112(b) to avoid the problem of courts acting sua sponte to dismiss or convert Chapter 11 proceedings.[5]
As a consequence, under these authorities, it appears that a United States trustee can move for conversion or dismissal under § 1112(b), at least where the motion advances the trustee’s interest in administration of the bankruptcy proceedings. In this case, a year after filing for bankruptcy, A-l still had not achieved approval of either a disclosure statement or a plan of reorganization despite three attempts at each. A-l, moreover, had also failed to disclose that its sole shareholder had filed *777 for bankruptcy even though the shareholder’s case would be closely related to the A-1 reorganization. Faced with these facts, the trustee apparently concluded, and the bankruptcy court agreed, that A-l was abusing the bankruptcy process and acting in bad faith for its own benefit. The trustee responded by seeking a conversion of the case to Chapter 7, which would provide greater control over the property of the debtor, or alternatively, a dismissal of the case, which would end A-l’s abuse and remove from it the protections of the Bankruptcy Code. Consequently, the trustee brought his motion to fulfill his responsibility to prevent abuse of the bankruptcy process and to facilitate administration of A-l’s case. In such a situation, the trustee was certainly performing his duty of oversight as Congress directed, and as a result, was a “party in interest” within the meaning of § 1112(b). In fact, even Collier on Bankruptcy, the leading bankruptcy treatise, agrees that in the case at hand the trustee could properly bring a § 1112(b) motion. After observing that the question of whether a trustee can bring this type of motion is unclear, Collier goes on to say that:
Whether the United States trustee has standing should be determined by reference to the grounds upon which the application is made. Since the United States trustee has supervisory power in a chapter 11 case, a motion based on the debtor’s failure to comply with the provisions of the Code would be proper. An example of a case where the United States trustee would have standing would be where the motion to convert or dismiss was based upon the debtor’s failure to prosecute the case to the detriment of the creditors. 5 Collier on Bankruptcy, 111112.03 at 1112-12 (15th Ed. 1984).
Of course, this view is consonant with the authorities discussed before, and Collier chose to illustrate the point with an example which encompasses the basic facts of our case. As a consequence, in a case such as this, where the trustee has moved to further administration of the case and to prevent an abuse of the bankruptcy process, the authorities agree that the trustee is a “party in interest” within the meaning of § 1112(b). Accordingly, the judgment of the district court is
AFFIRMED.

. The Eastern District of Virginia is participating in the pilot bankruptcy program which includes United States trustees as participants in bankruptcy proceedings. See 11 U.S.C. § 1501 et seq.

. 11 U.S.C. § 1112(b) provides that:
(b) Except as provided in subsection (c) of this section, on request of a party in interest, and after notice and a hearing, the court may convert a case under this chapter [11 USCS §§ 1101 et seq.] to a case under chapter 7 of this title [11 USCS § 701 et seq.] or may dismiss a case under this chapter [11 USCS §§ 1101 et seq.], whichever is in the best interest of creditors and the estate, for cause, including____

. The House report noted, as an example of the inconsistency of the roles, that in his administrative function a bankruptcy judge might suggest that the trustee pursue a cause of action on behalf of the estate and then in his judicial function sit as the judge on that cause of action. H.Rep. No. 989, 95th Cong., 2d Sess. 90-91, reprinted in 1978 U.S.Code Cong. & Ad.News, 5963, 6052.

. A-l points out that under 11 U.S.C. § 151104(a) "a party in interest or the United States trustee” may request appointment of a trustee. A-l then cleverly relies on Congress' use of "or” in the section as indicating that Congress must not have intended for United States trustees to be parties in interest. The legislative history explaining the process of trustee appointment, however, provides that “on request of any party in interest, including the United States trustee” the court may order an appointment. H.Rep. No. 595, 95th Cong., 2d Sess. 104, reprinted in U.S. Code Cong. & Ad. News 5963, 6065. As a result, the legislative history appears to assume that a United States trustee is a party in interest on the issue of trustee appointment, and so § 151104(a) is inconclusive on the question of the party in interest status of trustees.

. The Gusam Restaurant court concluded that "the very purpose of inserting the phrase ‘on request of a party in interest’ in the final version of section 1112(b) was to keep the court from acting sua sponte." 737 F.2d 277.