In re A. TARRICONE, INC., Halstead-Quinn Fuel Corp., Peekskill Fuel Corp., Viking Petroleum Products, Inc., Debtors.

**Bankruptcy Nos. 86 B 20573 to 86 B 20576.**

United States Bankruptcy Court, S.D. New York.

Feb. 24, 1987.

Proskauer Rose Goetz & Mendelsohn, New York City (Michael E. Foreman, of counsel), for debtors.

Reich and Reich, White Plains, N.Y., (Sidney H. Reich, of counsel), for Scott's Corners Builders, Inc.

Arnou, Kurzman, Midler & Friedman, White Plains, N.Y. (Joel M. Aurnou, of counsel), for Scott's Corners Builders, Inc.

Anderson, Banks, Moore, Curran & Hollis, Mount Kisco, N.Y. (John P. Drohan, of counsel), special counsel for debtor.

## DECISION ON MOTION FOR AN ORDER EXTENDING TIME TO ASSUME OR REJECT UNEXPIRED LEASES

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The debtor, A. Tarricone, Inc. (ATI), proposes to invoke 11 U.S.C. § 365(b) in order to assume an ATI gas station lease in Woodstock, New York, which it leases from Scott's Corner Builders, Inc. (the "lessor"). However, ATI seeks to cure the defaults under the lease by depositing the rent into an escrow account required by a local Justice Court in a prepetition summary proceeding for nonpayment of rent commenced by the lessor. The lessor maintains that a payment into an escrow account does not constitute curing the defaults because the escrow funds are not available to the lessor for the payment of mortgage debts and taxes.

### FACTS

1. In October of 1983, the lessor, Scott's Corner Builders, Inc., commenced a summary proceeding against ATI in the Justice Court, Town of Woodstock, New York, for the nonpayment of rent. ATI asserted an affirmative defense in Justice Court that the lease was procured by fraud on the part of the lessor. Pending resolution of the fraud issue, ATI was directed by the Justice Court to pay rent into an escrow account maintained by the court.

2. On December 12, 1986, the debtor, ATI, and its related corporate entities, Halstead-Quinn Fuel Co., Inc., Peekskill Fuel Corp. and Viking Petroleum Products, Inc. filed their voluntary petitions for reorganizational relief under Chapter 11 of the Bankruptcy Code. In accordance with the provisions of 11 U.S.C. §§ 1107 and 1108, the debtors are continuing to operate their businesses and manage their properties as debtors in possession.

3. The debtors are lessees under approximately 65 unexpired leases of gas stations from which the debtors derive income from the sale of gasoline at retail. The gas station in Woodstock, New York, which ATI leases from Scott's Corners Builders, Inc. as lessor, is one of the 65 unexpired gas station leases in this estate. The lessor's action for nonpayment of rent in the Woodstock, New York Justice Court was enjoined by operation of the automatic stay imposed under 11 U.S.C. § 362(a).

4. The parties are also involved in a lawsuit pending in the New York State Supreme Court, Westchester County, in which the debtors have reasserted their claims of fraud against the lessor and others with respect to various matters, including the Woodstock lease. The debtors were authorized by this court to proceed with the pending litigation in the Westchester County lawsuit.

5. The parties have agreed upon the sum of $8,508 as the amount due for taxes and insurance under the Woodstock lease which ATI will deposit into the escrow account established by the local Justice Court. ATI has also agreed to pay certain back taxes, totalling $5500, directly to the lessor. However, ATI also wishes to pay all past due and current rent into the escrow account. The lessor reasons that the curing of defaults by a debtor who desires to assume an unexpired lease requires a direct payment to the landlord of all outstanding rent arrearages.

6. The Woodstock lease provides for a term from April 15, 1981 to April 14, 1996. The current monthly rental rate is $2,600. This court had previously extended ATI's time to assume or reject the lease until after the entry of this court's order with respect to the determination of this motion.

### DISCUSSION

The debtor and its lessor recognize that the lessor's summary proceeding for non-

payment of rent which was commenced in the Justice Court, Town of Woodstock, New York is automatically stayed by force of 11 U.S.C. § 362(a). However, the debtor would like to preserve the defense of fraud in the procurement of the lease which it asserted in the Justice Court and which formed the basis for the local judge's direction that the debtor should pay its rent into an escrow fund maintained by the judge pending a determination of the rights of the parties in that court. Thus, the debtor would like to cure all defaults under the lease by continuing to pay rent into the escrow fund established by the local judge.

Initially it should be noted that the equitable defense of fraud in the procurement of the lease might not be the type of matter that the Justice Court has jurisdiction to hear, especially since the judge need not be a lawyer.

> The justice courts have no significant equity jurisdiction. They are the only courts in the state whose judges need not be lawyers, and most are not.

D. Siegel, Handbook on New York Practice, § 22.

In any event, the local judge's direction to the debtor to pay its rent into an escrow fund has been superseded by the filing of the Chapter 11 case in this court, where 11 U.S.C. § 365(b) governs as to a debtor's authority to assume an unexpired lease. In this case, the debtor wishes to cure all defaults as permitted under 11 U.S.C. § 365(b)(1)(A). Additionally, the debtor must compensate the lessor for any actual pecuniary loss resulting from such default, as required under 11 U.S.C. § 365(b)(1)(B), and provide adequate assurance of future performance under such lease in accordance with 11 U.S.C. § 365(b)(1)(C). In this connection, the lessor's reasonable attorneys' fees, for instituting the summary proceeding as called for in paragraph Twentieth of the lease, should also be paid, although the amount of such fees must await an application and an evidentiary hearing. *See In re Westview 74th Street Drug Corp.,* 59 B.R. 747, 14 B.C.D. 333 (Bankr.S. D.N.Y.1986).

The debtor's continuation of the payment of rent into the escrow fund established in a summary proceeding action with respect to which the parties are stayed from proceeding will not satisfy the debtor's obligation to cure all defaults under the lease. If the debtor wishes to pursue its cause of action for a rescission of the lease it should obviously not assume it in this court. However, the debtor maintains that it does not seek rejection but prefers to assume the lease. In such case, the debtor must comply with all of the requirements delineated under 11 U.S.C. § 365(b) and must pay the rent called for under the lease directly to the lessor.

A rent default is not cured, nor is the lessor given adequate assurance of prompt cure, as required under 11 U.S.C. § 365(b)(1)(A), if the rent is paid into an escrow fund established in a state court litigation in which the parties are stayed from proceeding on the merits. The lessor must have immediate use of the rent money in order to satisfy its own obligation for taxes and mortgage payments. An enjoined escrow fund is not the equivalent of prompt cure.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(M).

2. The debtor's motion to assume the Woodstock lease is granted on condition that the debtor complies with all the conditions delineated under 11 U.S.C. § 365(b). Any defaults under the lease which must be cured and all rent payments which must be made shall be paid directly to the lessor and not into any escrow fund created in a local summary proceeding in which the parties have been stayed pursuant to 11 U.S.C. § 365(a).

SETTLE ORDER in accordance with the foregoing.