### In re HAYES & SON BODY SHOP, INC., Debtor.

#### No. 88–21860–D.

United States Bankruptcy Court, W.D. Tennessee, W.D.

Jan. 25, 1989.

---

currently involved in managing the debtor corporation.

2) A tabular form liquidation analysis that estimates administrative expenses, estimates asset values, and the source of those appraisals was not provided.

3) The disclosure statement did not incorporate tables of projected income and expenses in a manner to allow creditors to determine if the plan is reasonable.

4) The disclosure statement should contain a description of the debtors assets and liabilities to date, and accounts receivables should be specifically designated with collection success rate percentages.

5) The disclosure statement should provide the actual or projected realizable value of recovery from preferences or voidable transfers.

The hearing on the proposed disclosure statement and the U.S. Trustees objection was held on December 5, 1988, at which time the debtor raised the issue of whether the U.S. Trustee has standing to object to debtor's proposed disclosure statement. The parties, subsequently, submitted briefs and stipulated facts to the Court.

*Discussion*

The issue before the Court is whether the United States Trustee has standing to object to the proposed disclosure statement of the debtor pursuant to 11 U.S.C. § 307?

A brief summary of the background of the creation and implementation of the office of the U.S. Trustee is helpful in weeding through this delicate issue of first impression.

The U.S. Trustee program was instituted "to perform the supervisory and appointing functions now handled by the bankruptcy judges, and to monitor trustee performance in more 'detailed' fashion." H.R.Rep. No. 95–595, 95th Cong., 1st Sess 100–15 (1977), U.S.Code Cong. & Admin.News 1978, 5787, 6062. The legislature provided that the U.S. Trustee act as the principal administrative officer of the Bankruptcy system. Id. The legislative history clearly indicates

William A. Cohn, Cordova, Tenn., for debtor.

Julie Chinn, Asst. U.S. Trustee, Memphis, Tenn.

ORDER ON OBJECTION BY DEBTOR TO THE STANDING OF UNITED STATES TRUSTEE TO OBJECT TO DISCLOSURE STATEMENT AND FOR FEES PURSUANT TO FED.R. CIV.P. 11

BERNICE BOUIE DONALD, Bankruptcy Judge.

This core proceeding is before the Court on debtor's objection to the standing of United States Trustee to object to disclosure statement and for fees pursuant to Fed.R.Civ.P. 11.[1] The facts are undisputed in this matter. Hayes & Son Body Shop, Inc., debtor, filed a petition under Chapter 11 of the Bankruptcy Code on March 1, 1988. The debtor filed a disclosure statement for the Court's approval on October 24, 1988. On December 5, 1988, a hearing was set on debtor's proposed disclosure statement but on November 10, 1988, the United States Trustee (U.S. Trustee) filed a written objection to the debtor's proposed disclosure statement.

The crux of the objection by the U.S. Trustee is that the disclosure statement does not contain adequate information as set forth in 11 U.S.C. § 1125(a). In particular, the following inadequacies were stated in the written objection:

1) The statement failed to define the expected duties and salaries of individuals

1. 28 U.S.C. § 157(b)(2)(A).

congressional intent to grant the U.S. Trustee broad supervisory authority in bankruptcy cases.[2] The applicable statutory authority is 11 U.S.C. § 307. Section 307 states:

§ 307. United States Trustee.

The United States Trustee may raise and may appear and be heard on any issues in any case or proceeding under this title but may not file a plan pursuant to section 1121(c) of this title.

The statute is clear and unambiguous, and must be interpreted according to the plain meaning of its terms. In analyzing the statute, the first step is to break it down into elements. The key phrase in Section 307 is "may *raise*, and may appear and be heard." To raise an issue is "to bring pleadings to an issue; *to have the effect of producing an issue* between the parties pleadings in an action. Black's Law Dictionary 1133 (5th ed. 1979) (emphasis added). It is clear by definition that to "raise an issue" includes any aspect of a Chapter 11 proceeding over which the U.S. Trustee has supervisory power.[3] *See c.f.*, 28 U.S.C. § 586(a)(3)(B). Furthermore, the phrase lends itself to broad interpretation and is without specific limitation as to the types of issues that arise in Chapter 11 cases. *E.g., In re Cloud, Ltd.*, 3 B.R. 199, 200 (Bankr.D.N.M.1980).

Title 28 Section 586 of the United States Code, sets forth the duties of the U.S. Trustee. Section 586(a)(3)(B) states:

§ 586. Duties; supervision by Attorney General.

(a) Each United States trustee, within such United States trustee is appointed, shall—

(3) supervise the administration of cases and trustees in cases under Chapter 7, 11, or 13 of title 11 by, whenever the United States trustee considers it to be appropriate—

(B) monitoring plans and disclosure statements filed in cases under chapter 11 of title 11 and filing with the court, in connection with hearings under sections 1125 and 1128 of such title, comments with respect to such plans and disclosure statements.

It is clear from the statute that the U.S. Trustee can monitor proposed disclosure statements, thus the problem revolves around the term "comment" in section 586 and what it encompasses. A comment is "the expression of the judgment passed upon certain alleged facts by a person who has applied his mind to them ..." Black's Law Dictionary 244 (5th ed. 1975). Basically, the debtor draws the distinction between the term comment and the term objection, and such is an attenuated distinction. To object is "to interpose a declaration to the effect that the particular matter or thing under consideration is not done or admitted with the consent of the objecting party ..." Black's Law Dictionary 967 (5th ed. 1975). It is apparent that the two terms, although not interchangeable, are synonymous, as used in the context on the statute, as a comment is but a form of objection.

### Conclusion

A fundamental obligation of the U.S. Trustee is to supervise the administration of Chapter 11 proceedings. The U.S. Trustee functions to relieve the Courts of the burden of many detailed matters in the administration of Chapter 11 cases, so they may concentrate on the resolution of disputed issues. Therefore, it would defeat the purpose of implementing the U.S. Trustee program to hold it powerless to freely object to matters involving case administration. It is beyond question, the authority of the Court to disapprove a disclosure statement for lack of adequate information. 11 U.S.C. § 1125(b). Yet since the Court is relieved of such ministerial duties as searching for inadequacies in disclosure statements, it would be illogical to disallow the U.S. Trustee an opportunity to object to disclosure statements when, in

**2.** See, e.g., *In re A–1 Trash Pick–Up, Inc.*, 57 B.R. 380, 384 (E.D.Va.1986) where the Court held that the U.S. Trustee may make a motion to dismiss or convert a Chapter 11 case; if such

motion is made pursuant to its administrative and supervisory responsibilities.

**3.** See B.R. X–1009(a)

fact, it has been delegated such duty to aid the Judiciary. Therefore, the office of the U.S. Trustee has standing to object to a proposed disclosure statement submitted to the Court for approval by a chapter 11 debtor or standing trustee. Having reached this result, the Court finds that the trustee was discharging its statutory duties, that the objection was well founded; and there are no grounds to support the imposition of Rule 11 sanctions.

IT IS SO ORDERED.