**In re BAB ENTERPRISES, INC. Debtor.**

**Bankruptcy No. 88–11594–B.**

United States Bankruptcy Court, W.D. Tennessee, E.D.

June 14, 1989.

Madalyn C. Scott, Office of the U.S. Trustee, W.D. Tenn., Memphis, Tenn.

Preston Wilson, Memphis, Tenn., for Lessor.

Billy R. Barron, Trenton, Tenn., for debtor.

## MEMORANDUM OPINION AND ORDER ON MOTION OF UNITED STATES TRUSTEE TO SET ASIDE ORDER AS TO ATTORNEY'S FEES TO LESSOR

WILLIAM H. BROWN, Bankruptcy Judge.

This contested matter under Bankruptcy Rule 9014 was heard on May 18, 1989, upon the United States Trustee's Motion to set aside a portion of the Court's order of March 22, 1989.[1] Specifically, the United States Trustee questioned the provisions of that consent order between the lessor Poag, Thomason & Neely Management Company and the debtor as lessee, which directed the debtor to pay one thousand dollars in attorney's fees to the lessor as "compensation for the Landlord's pecuniary loss resulting from the lessee's default." The United States Trustee's position is that the parties could not agree to such fees until a "detailed fee application" had been submitted to support the one thousand dollar amount and that the parties' agreement was subject to the bankruptcy court's finding of reasonableness. The debtor did not participate in the hearing but the lessor disputed the authority of the United States Trustee to take any position on attorney's fees under § 365 of the Bankruptcy Code. In fact, the lessor's attorney seeks a recovery of his attorney's fees from the United States Trustee for his time in defending against the United States Trustee's motion.

The consent order between the lessor and debtor contained provisions for the debtor's assumption of an existing shopping center lease, which assumption was conditioned upon adequate assurance of a curing of rental defaults, future timely rental payments, and the payment of the agreed sum of one thousand dollars in attorney's fees to the lessor. The debtor has obtained a confirmation of its Chapter 11 plan subsequent to the entry of the assumption order, which confirmation was by the acceptance method under § 1129(a). The United States Trustee did not object to any provision of the assumption order other than that portion concerning the attorney's fees, and subsequent to the United States Trustee's motion, the lessor's attorney did file an itemization showing actual compensable time expended in excess of one thousand three hundred dollars. At the hearing on its motion, the Assistant United States Trustee announced that she was now satisfied that the one thousand dollar fee was reasonable in light of the actual work performed.

■ Therefore, the issues remaining are whether the United States Trustee had standing to raise the issue of reasonableness of the lessor's attorney's fees and whether the lessor's attorney is entitled to recovery of fees for defending the motion. However, first the Court will address the related issue of whether an agreement for payment of professional fees by a debtor lessee to a lessor as a part of a consent order for assumption of a lease is subject to the bankruptcy court's approval. The Court is persuaded that such fees are ultimately subject to the approval of the bankruptcy court. *See In re Westworld Community Healthcare, Inc.*, 95 B.R. 730 (Bankr.C.D.Cal.1989). Of course, this lessor's attorney was not employed under authority of 11 U.S.C. § 327 and the compensation is not governed by § 330. Rather, the Court's role in approving only reasonable fees to a lessor comes from 11 U.S.C. § 365(a) which permits assumption or rejection of an executory contract on unexpired lease "subject to the court's approval." It would naturally follow that payment of fees as a condition to assumption should be "subject to the court's approval." 11 U.S.C. § 365(a)

Section 365(b)(1) provides the next step for this analysis:

If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of

---

1. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (M), and (O).

assumption of such contract or lease, the trustee—

    (A) cures, or provides adequate assurance that the trustee will promptly cure, such default;

    (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

    (C) provides adequate assurance of future performance under such contract or lease.

The lessor here asserts that it actually incurred pecuniary loss for its attorney's fees, which loss resulted from the debtor's default, that the recovery of that loss under § 365(b)(1)(B) is required as a condition of assumption of its lease, and that the United States Trustee and presumably the Court have no role in the fixing of that fee.

The *Westworld* Court pointed out that § 365(b)(1)(B) "provides a separate right of compensation for loss related to a default under an assumed lease," and that recovery of attorney's fees by an assuming lessee/debtor is not solely dependent upon an attorney's fee clause in the lease being assumed. The statutory "right is activated by a showing of loss resulting from or in connection with a default." 95 B.R. at 733.

However, the mere statutory right to recovery of fees does not preclude the necessity for a determination that those fees are reasonable. If the bankruptcy court were to be excluded from a determination of the reasonableness of such fees, the landlord could obtain a "blank check" to the debtor's estate, which could be detrimental to the interests of other creditors. *Andrew v. KMR Corporation (In re Bullock)*, 17 B.R. 438, 439 (9th Cir. BAP 1982). It is conceivable that a debtor could agree to pay unreasonably large fees to a lessor, which could make the assumption of a lease or contract unfavorable to the estate's or creditors' interests. Although a provision for reasonableness does not appear in § 365(b)(1)(B) the *Westworld* Court found a reasonableness requirement and set out a test which that Court

[w]ould apply when approving reimbursement of attorneys' fees in connection with an assumed lease: (i) Does the expense directly or indirectly relate to a default under the lease; (ii) if so, was the expense necessary to cure the default, adequately protect the landlord against future defaults, or indemnify the landlord against loss; and (iii) if so, was the expense reasonable under the circumstances?

95 B.R. at 734 (citations supporting a reasonableness requirement include: *In re A. Tarricone, Inc.*, 70 B.R. 464, 466 (Bankr.S.D.N.Y.1987); *In re Diamond Head Emporium, Inc.*, 69 B.R. 487, 496 (Bankr.D.Haw.1987); *In re Westview 74th Street Drug Corp.*, 59 B.R. 747, 757 (Bankr.S.D.N.Y.1986); *In Matter of Ribs of Greenwich Village, Inc.*, 57 B.R. 319 (Bankr.S.D.N.Y.1986); *In re Foreign Crating, Inc.*, 55 B.R. 53, 54 (Bankr.E.D.N.Y.1985); and *In re Bon Ton Restaurant and Pastry Shop, Inc.*, 53 B.R. 789, 798–799 (Bankr.N.D.Ill.1985)). Such a test is appropriate when fees are to be paid from a bankruptcy estate, because such a test includes consideration of the needs to conserve the estate's expenses, to benefit the estate, and to examine the interests of all creditors. *See Womack Lumber Company, Inc. v. Guaranty Mortgage Company (In re Bain)*, 527 F.2d 681, 686 (6th Cir.1975).

■ After a review of the affidavit of the lessor's attorney, with its accompanying itemization of time and expense and after applying the *Westworld* test, the Court finds the one thousand dollar fee agreed upon by the landlord and debtor to be reasonable, a finding with which the United States Trustee now agrees. Further, the fees resulted from the lessee's default and the lessee must pay the fees to compensate the lessor for its actual loss.

■ The next issue is whether the United States Trustee appropriately brought the issue before the Court by filing a motion for reconsideration of the attorney's fee provision. First, the responding party asserted that the motion was untimely as filed more than ten days after entry of the order. The order was dated March 22,

1989, but was not entered until March 30, 1989. The United States Trustee's motion was filed on April 7, 1989. Therefore, the motion was filed timely under Bankruptcy Rule 7052, made applicable to contested matters by Bankruptcy Rule 9014.

The lessor then argues that 28 U.S.C. § 586(a)(3)(A) limits the United States Trustee's authority over professional compensation to the role of "monitoring applications for compensation and reimbursement filed under section 330 of title 11," thus applying a strict reading to that language found in the statutory duties of that office. The Court does not agree that the United States Trustee's authority is so limited. Section 586 of Title 28 specifies the mandatory duties of each United States Trustee, but it does not limit the office to only the list contained therein. For example, 28 U.S.C. § 586(a)(5) is a broad "catchall" providing that the United States Trustee "perform the duties prescribed for the United States trustee under title 11" as well as title 28. *See, Matter of Crosby*, 93 B.R. 798, 803 (Bankr.S.D.Ga.1988). Section 307 of title 11 authorizes the United States Trustee to "raise ... appear and be heard on any issue in any case or proceeding under this title," except the filing of a plan. Bankruptcy Rule X–1009(a) provides:

(a) Right to be Heard. The United States trustee may raise and appear and be heard on any issue relating to the United States trustee's responsibilities in a case under the Code.

Judge Bernice Donald, of this District, has recently addressed the standing of the United States Trustee to object to the debtor's proposed disclosure statement. *In re Hayes & Son Body Shop, Inc.*, 101 B.R. 514 (Bankr.W.D.Tenn. 1989). Judge Donald observed that "[t]he legislative history clearly indicates Congressional intent to grant the U.S. Trustee broad supervisory authority in bankruptcy cases." *Id.* at 515–16. The Unit-

ed States Trustee is "to supervise bankruptcy administration, and fill the vacuum of lack of creditor participation, where necessary to assure a fair and efficient administration." *In re A–1 Trash Pick–Up, Inc.*, 57 B.R. 380, 381 (E.D.Va.1986), aff'd. at 802 F.2d 774 (4th Cir.1986), *quoting* H.R. Rep. No. 595, 95th Cong., 1st Sess. 100 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News, 5787, 6061. Further, the United States Trustee should "be accorded party in interest status with respect to administrative responsibilities under the Code." *In re A–1 Trash Pick–Up, Inc.*, 57 B.R. at 382. Under 11 U.S.C. § 1109(b)[2] and § 307 this Court concludes that the United States Trustee is a sufficient party in interest to file the motion before the Court as part of that office's general title 11 administrative duty. *See Matter of Crosby*, 93 B.R. at 804, n. 3. Such a conclusion is consistent with Judge Donald's holding that 11 U.S.C. § 307 is "clear and unambiguous, and must be interpreted according to the plain meaning of its terms." *In re Hayes & Son Body Shop, Inc., supra* at 516.

The lessor further argues that the United States Trustee's role as to attorney's fees is limited to "comments with respect to any of such applications." 28 U.S.C. § 586(a)(3)(A) And, so goes the argument, the present motion is broader than "comment." Such an argument would reduce the United States Trustee's role to a meaningless one and this Court does not believe that Congress intended a meaningless role for that office. The definition of "comment" includes an expression of opinion or attitude. Webster's, NEW COLLEGIATE DICTIONARY (1977). Surely the United States Trustee's authority to "comment" would include the ability of that office to bring its comment to the attention of the Court by means of a pleading.[3] In this instance the United States Trustee was not a party to the consensual order, but after

---

**2.** § 1109(b) A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and appear and be heard on any issue in a case under this chapter.

**3.** *Compare Matter of Ribs of Greenwich Village, Inc.,* 57 B.R. at 322 (where the court, in a § 365 hearing, considered the U.S. Trustee's "suggest[ion] that fees [to the lessor] be allowed at a lower rate.").

receiving notice of the entry of the order, the United States Trustee filed a motion which brought the issue before the Court. Under Bankruptcy Rule 9013, a motion was the appropriate method for requesting an order and the United States Trustee had standing under § 307 to file that motion. *See* Bankruptcy Rule X–1009(a).

### CONCLUSION

Having determined that the United States Trustee had standing and authority to bring these issues by motion, the Court finds no basis for an allowance of attorney's fees to the lessor for defense of a properly filed motion. Rule 9011 sanctions were not sought and there is no allegation that the matter was filed in bad faith. The lessor merely questioned the United States Trustee's statutory authority, and the Court has concluded that authority exists.

The one thousand dollar attorney's fee is approved as necessary and reasonable but the lessor's request for additional fees to defend the United States Trustee's motion is denied.

SO ORDERED.