**HAYES AND SON BODY SHOP, INC.,**
**Plaintiff/Appellant,**

v.

**UNITED STATES TRUSTEE,**
**Defendant/Appellee.**

**Bankruptcy No. 88–21860–D.**
**No. 90–2629–4A.**

United States District Court,
W.D. Tennessee, W.D.

Nov. 27, 1990.

Order for Motion to Amend
Jan. 16, 1991.

William A. Cohn, Cordova, Tenn., for plaintiff/appellant.

Jimmy L. Croom, Officer of the U.S. Trustee, Memphis, Tenn., for defendant/appellee.

ORDER DENYING MOTION TO STRIKE PLEADINGS OF UNITED STATES TRUSTEE AND GRANTING UNITED STATES TRUSTEE'S REQUEST FOR SANCTIONS

McRAE, Senior District Judge.

On March 1, 1988, Hayes & Son Body Shop, Inc. ("Debtor") filed a petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 *et seq.* Debtor filed a disclosure statement and reorganization plan on October 24, 1988. The United States Trustee ("Trustee") objected to the plan and Debtor challenged the Trustee's standing to raise such an objection. United States Bankruptcy Judge Bernice B. Donald entered a published opinion in which she upheld the Trustee's standing to object to Debtor's reorganization plan. *In re Hayes & Son Body Shop, Inc.,* 101 B.R. 514 (Bankr.W.D.Tenn.1989). Debtor appealed from this decision and the appeal was dismissed because the decision appealed from was not a final order.

On November 30, 1989, Debtor's attorney filed an application for allowance of interim compensation. The Trustee objected to the reasonableness of the fees sought. Judge Donald sustained the objection and reduced the fees. Debtor appealed from that ruling naming the Internal Revenue Service as appellee. Thereafter, the United States Trustee filed an additional designation of record as an unnamed appellee.

Presently before the Court is Debtor's motion to strike pleadings of United States Trustee and request for sanctions. For the reasons stated herein, Debtor's motion is denied and the Trustee's request for sanctions is granted.

STANDING OF UNITED STATES TRUSTEE TO OBJECT TO REASONABLENESS OF ATTORNEYS FEES

Debtor argues that the Trustee does not have standing to "participate" in a Chapter 11 proceeding. In support of its argument, Debtor relies on 28 U.S.C. § 586 which enumerates the duties of the United States trustee. Section 586 provides in part:

(a) Each United States trustee, within the region for which such United States trustee is appointed, shall—

(3) supervise the administration of cases and trustees in cases under Chapter 7, 11, or 13 of title 11 by, whenever the United States trustee considers it appropriate—

(A) monitoring applications for compensation and reimbursement filed under section 330 of title 11 and, whenever the United States trustee deems it to be appropriate, filing with the court comments with respect to any such applications;

(B) monitoring plans and disclosure statements filed in cases under chapter 11 of title 11 and filing with the court, in connection with hearings under sections 1125 and 1128 of such title, comments with respect to such plans and disclosure statements[.]

Debtor contends that § 586 restricts the trustee's involvement in a bankruptcy case to filing comments and does not authorize the trustee to "participate" in a bankruptcy proceeding. Debtor's reliance on § 586 is misplaced. Debtor failed to address the inconsistency between § 586 and § 307 which was enacted several years later. Section 307 provides as follows: "The United States trustee may raise and may appear and be heard on any issue in any case or proceeding under this title but may not file a plan pursuant to 1121(c) of this title." 11 U.S.C. § 307 (1986).

Not only does the clear and unambiguous language of § 307 support the Trustee's standing to file objections to fee applications, but the legislative history reveals an intent to broaden the powers of the trustee as well. The legislative history states "H.R. 5216 gives the U.S. Trustee standing to raise, appear and be heard on any issue in a bankruptcy case." H.R.Rep. No. 5316, 99th Cong., 2nd Sess. 5235 (1986).

The Sixth Circuit and two bankruptcy courts in the Western District of Tennessee have interpreted § 307, holding that it empowers the Trustee power to take a more active role in the administration of bankruptcy cases. *See Morgenstern v. Revco, D.S.; Inc.*, 898 F.2d 498 (6th Cir.1990) ("... the use of limiting language in §§ 1109(a) and 1164 which was omitted from § 307 strongly suggests that Congress did not intend to limit the U.S. trustee's appellate standing."); *In re Hayes & Son Body Shop, Inc.* 101 B.R. 514 (Bankr.W.D.Tenn. 1989) (Donald, J.) (Trustee has standing to object to disclosure statement and reorganization plan.); *In re BAB Enterprises, Inc,* 100 B.R. 982 (Bankr.W.D.Tenn.1989) (Brown, J.) (Trustee has standing to raise issue of reasonableness of attorneys fees.).

The language, legislative history, and judicial interpretation of § 307 reveal that Congress intended to enhance the role of the United States Trustee by permitting direct involvement in bankruptcy proceedings. Accordingly, Debtor's motion to strike and for sanctions is hereby denied. Debtor is directed to file an appellate brief within fifteen days after the entry of this order and the Trustee is directed to file its brief within 15 days after service of appellant's brief.

## TRUSTEE'S REQUEST FOR SANCTIONS

The trustee seeks sanctions against Debtor pursuant to Bankruptcy Rule 9011. Rule 9011 Provides in pertinent part:

... The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation ...

This Court finds that Debtor's claim is not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Debtor did not cite any persuasive authority for the proposition it advanced. Debtor ignored case law and legislative history that contradicted its position. Debtor's arguments were based upon its tortuous interpretations of the relevant bankruptcy provisions. Therefore, the Trustee's motion for sanctions is granted and the Trustee is directed to file a detailed statement of attorneys fees within twenty days after the entry of this order.

IT IS SO ORDERED.

## ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND AND GRANTING DEFENDANT'S PETITION FOR ATTORNEYS FEES

On November 27, 1990, this Court denied the motion of Debtor Hayes & Son Body Shop, Inc. ("Debtor") to strike pleadings of the United States Trustee ("Trustee") and granted the Trustee's request for sanctions. This Court found that Debtor's attorney ignored case law and legislative history that contradicted his position and failed to cite any persuasive authority for the proposition he advanced. The Court concluded that Debtor's claim was not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. The Court directed the Trustee to file a detailed statement of attorneys fees within twenty days after the order was entered.

Debtor's attorney requests that this Court set aside its decision awarding attorneys fees. In support of his motion, counsel for Debtor maintains that he initially prepared the memorandum in support of his challenge to the standing of the Trustee on February 26, 1990, prior to the date *Morgenstern v. Revco*, 898 F.2d 498 (6th Cir.1990), was decided. Moreover, counsel for plaintiff argues that "a review of all the supplements to the Lawyers Co-op Publishing Company U.S.Code Service Company, which comprise all of the needed research materials needed for a Bankruptcy appeal on September 6, 1990, did *not* indicate any decision of the 6th Circuit concerning the *Revco* case."

■ Debtor's motion to strike pleadings of the United States Trustee was filed on August 21, 1990, approximately five months after *Revco* was decided. Further, Debtor's attorney offers no explanation for his failure to address two published bankruptcy opinions from the Western District of Tennessee upholding the standing of the Trustee and the legislative history of 11 U.S.C. § 307 which reveals an intent to broaden the powers of the Trustee. Debtor's attorney's ignorance of the relevant law pertaining to his motion does not warrant a reversal of this Court's decision awarding attorneys fees to the Trustee. Accordingly, Debtor's motion is hereby denied.

The Trustee timely filed a detailed petition for attorneys fees in connection with Debtor's motion to strike pleadings of the United States Trustee. This Court finds that the Trustee's request for $692.50 (3 hours × $25.00/hour; 6 hours × $80.00/hour; .75 hours × $100.00/hour; and .50 hours at $125.00/hour) is reasonable.

IT IS THEREFORE ORDERED that counsel for Debtor pay the sum of $692.50 to the United States Trustee for services rendered in connection with Debtor's motion to strike pleadings of the United States Trustee.