In re WASHINGTON MANUFACTUR-
ING COMPANY, et al., Debtors.

CITICORP NORTH AMERICA,
INC., Plaintiff,

v.

Timothy F. FINLEY, Trustee.

Bankruptcy Nos. 388–01467 to
388–01468.
Adv. Nos. 390–0069A, 390–0073A
and 390–0016A.

United States Bankruptcy Court,
M.D. Tennessee,
Nashville Division.

Jan. 25, 1991.

James A. Cherney, Richard A. Levy, Douglas A. Freedman, Latham & Watkins, Chicago, Ill., for plaintiff Citicorp North America.

Barbara D. Holmes, Nashville, Tenn., Asst. U.S. Trustee.

Russell H. Hippe, Jr., Trabue, Strudivant & DeWitt, Nashville, Tenn., for Creditors' Committee.

Glenn B. Rose, Harwell, Martin & Stegall, Nashville, Tenn., for Chapter 11 Trustee.

## MEMORANDUM OPINION AND ORDER ON THE UNITED STATES TRUSTEE'S MOTION TO INTERVENE AS A PARTY DEFENDANT/COUNTER-CLAIMANT

**WILLIAM H. BROWN**, Bankruptcy Judge, Sitting by Designation.

This Court had previously set October 30, 1990, as a deadline for the United States Trustee and the Unsecured Creditors' Committee to file motions to intervene in this consolidated adversary proceeding. On October 24, the United States Trustee moved to intervene and filed a proposed answer and a counterclaim against Citicorp North America, Inc. ("Citicorp"). Citicorp has filed a memorandum in opposition to the intervention, and oral argument was heard on December 3, 1991. This contested matter is a part of a core proceeding under 28 U.S.C. § 157(b)(2)(F) and (H), and the following constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. The Court will deny the United States Trustee's formal intervention as a party litigant but will permit the United States Trustee's administrative monitoring and right to comment on appropriate issues.

### FACTUAL BACKGROUND

The Court has previously ordered the consolidation of three adversary proceedings involving disputes between Citicorp and Timothy F. Finley, the Chapter 11 Trustee. *In re Washington Manufacturing Co., et al.,* 118 B.R. 555, 20 BCD 1657 (Bankr.M.D.Tenn.1990). That opinion provides a history of the legal disputes between these parties and a summary of the multiple issues raised in the pleadings. As a part of fraudulent conveyance and preference allegations against Citicorp and as a part of Citicorp's complaint for declaratory judgment on the allowance of its proofs of claims, there are both factual and legal issues concerning interest rates, profes-

sional fees and other charges related to Citicorp's claims. In oral argument, the Assistant United States Trustee stated that her office's primary focus had been on what properly would be allowable under 11 U.S.C. § 506(b)[1]. However, the proposed answer and counterclaim filed by the United States Trustee goes to the merits of each of the substantive allegations in the consolidated declaratory judgment, preference and fraudulent conveyance complaints, by repeating the allegations and positions of the case Trustee. For example, the proposed Counterclaim states:

> The U.S. Trustee for his counterclaim hereby adopts the counterclaims asserted by the [case] Trustee in the Trustee's Answer and Counterclaim in this matter and incorporates the same as if set out herein with specificity.

Thus, by its proposed intervention, the United States Trustee is attempting to become a party litigant in the full scope of factual and legal issues presented in these complex adversary proceedings.

### CONCLUSIONS OF LAW

■ In the authority cited by the United States Trustee, reliance is placed on 28 U.S.C. § 586(a), 11 U.S.C. §§ 307 and 1109(b) and Bankruptcy Rule 7024(a).

28 U.S.C. § 586 describes the duties of the United States Trustee, and subsection (a)(3) provides:

> (a) Each United States trustee, within the region for which such United States trustee is appointed, shall—
>
> (3) supervise the administration of cases and trustees in cases under chapter 7, 11 or 13 of title 11 by, whenever the United States trustee considers it to be appropriate—
>
> (A) monitoring applications for compensation and reimbursement filed under section 330 of title 11 and, whenever the United States trustee deems it to be appropriate, filing with the court

---

1. § 506(b): To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

comments with respect to any such application;

(B) monitoring plans and disclosure statements filed in cases under chapter 11 of title 11 and filing with the court, in connection with hearings under sections 1125 and 1128 of such title, comments with respect to such plans and disclosure statements;

(C) monitoring plans filed under chapters 12 and 13 of title 11 and filing with the court, in connection with hearings under sections 1224, 1229, 1324 and 1329 of such title, comments with respect to such plans;

(D) taking such action as the United States trustee deems to be appropriate to ensure that all reports, schedules, and fees required to be filed under title 11 and this title by the debtor are properly and timely filed;

(E) monitoring creditors' committees appointed under title 11;

(F) notifying the appropriate United States attorney of matters which relate to the occurrence of any action which may constitute a crime under the laws of the United States and, on the request of the United States attorney, assisting the United States attorney in carrying out prosecutions based on such action;

(G) monitoring the progress of cases under title 11 and taking such actions as the United States trustee deems to be appropriate to prevent undue delay in such progress; and

(H) monitoring applications filed under section 327 of title 11 and, whenever the United States trustee deems it appropriate, filing with the court comments with respect to the approval of such applications.

As a correlation, 11 U.S.C. § 307 provides:

The United States trustee may raise and may appear and be heard on any issue in any case or proceeding under this title but may not file a plan pursuant to section 1121(c) of this title.

And, Bankruptcy Rule 7024 provides that Federal Rules of Civil Procedure ("Fed.R. Civ.P.") on intervention are applicable to adversary proceedings in bankruptcy.[2]

The United States Trustee argues that its supervisory responsibility under 28 U.S.C. § 586(a)(3), coupled with its right to "raise ... appear and be heard" under 11 U.S.C. § 307 give it standing as a party in interest under 11 U.S.C. § 1109(b) which provides:

(b) A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

Tying this argument together, the United States Trustee contends that it has an absolute right to intervene under Fed.R. Civ.P. 24(a)(1). Moreover, it contends that intervention is appropriate under Fed.R. Civ.P. 24(a)(2).

This Court is not persuaded that the United States Trustee is correct in its analysis of the law in the context of this consolidated adversary proceeding. Formal intervention as a party in interest will make the United States Trustee a party litigant and this Court has seen no indication that this is either necessary or appropriate.

First, the Court is concerned under Bankruptcy Rule 7011 how the United States Trustee could have investigated sufficiently to justify its serious allegations of fraudulent conveyance and preference which it adopted from the Chapter 11 Trustee's pleading. These proceedings are factually and legally complex, and there has been a history to the case which demonstrates that

**2.** Fed.R.Civ.P. 24(a) alone is relied upon by the United States Trustee. That section provides:

(a) **Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

the case Trustee has been actively investigating and pursuing its claims and positions. On the other hand, the United States Trustee's involvement to date in these adversary proceedings has been limited to the § 506(b) issues which were first raised when Citicorp filed its motion to allow its claim. See 118 B.R. at 559–560.

■ There has been no allegation by the United States Trustee that its interests in this proceeding are not "adequately represented" by the Chapter 11 Trustee. Fed.R. Civ.P. 24(a)(2). The Court's involvement in this consolidated proceeding and in the case indicates the contrary is true: The Chapter 11 Trustee and his counsel are adequately representing the positions taken by the United States Trustee in its proposed answer and counterclaim.

The role of the United States Trustee was intended by Congress to relieve the bankruptcy judges of an administrative role and to function "as bankruptcy watchdogs to prevent fraud, dishonesty, and overreaching in the bankruptcy system." H.R.Rep. No. 95–595, 95th Cong, 1st Sess., 88 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6049, reprinted in Appendix 2, King, COLLIER ON BANKRUPTCY (15th Ed.1990). However, the office was

> not intended to replace private trustees ... but rather to perform the supervisory and appointing functions now handled by bankruptcy judges, and to monitor trustee performance ...

*Id.* at 101, U.S.Code Cong. & Admin.News 1978, p. 6062.

Further, Congress recognized that the United States Trustees

> will serve as enforcers of the bankruptcy laws by bringing proceedings in the bankruptcy courts in particular cases in which a particular action taken or proposed to be taken deviates from the standards established by the proposed bankruptcy code.

*Id.* at 109, U.S.Code Cong. & Admin.News 1978, p. 6070.

This Court has previously addressed 11 U.S.C. § 307 in the context of the United States Trustee's standing as a party in interest under 11 U.S.C. § 1109(b) to file a motion under 11 U.S.C. § 365(b)(1) to reconsider attorney's fees for a lessor. *In re BAB Enterprises, Inc.,* 100 B.R. 982 (Bankr.W.D.Tenn.1989); *see also Matter of Crosby,* 93 B.R. 798, 804 n. 3 (Bankr.S.D. Ga.1988). Although recognizing the United States Trustee's standing for purposes of carrying out its "general Title 11 administrative duty," this Court was not confronted in *BAB Enterprises* with an intervention as a litigant in an adversary proceeding. 100 B.R. at 985. In *BAB Enterprises,* this Court applied § 307 of the Bankruptcy Code, containing language which does appear "clear and unambiguous." *In re Hayes & Son Body Shop, Inc.,* 101 B.R. 514, 516 (Bankr.W.D.Tenn. 1989); *see also In re Hayes & Son Body Shop, Inc.,* 124 B.R. 66, 21 BCD 80 (W.D. Tenn.1990) (reading § 307 to permit the direct involvement of the United States Trustee in bankruptcy proceedings). However, clear and unambiguous language does not lead necessarily to an unlimited scope of the United States Trustee's standing to "raise ... appear and be heard" in this consolidated adversary proceeding. 11 U.S.C. § 307.

As pointed out by one commentator, the use of the words "any issue" in § 307 "contrasts with the specificity with which the duties of the United States trustee are spelled out ... in 28 U.S.C. § 586(a) and (b)." 2 King, COLLIER ON BANKRUPTCY, ¶ 307.01 at 307–1 (15th Ed.1990). It may be argued that § 307's language is so broad as to permit the United States Trustee to "raise ... any issue" as a litigant without restriction. However, this Court finds that to read the statute so broadly without a showing of the need for the United States Trustee's appearance as a litigant in this particular adversary proceeding would contravene the role of the Chapter 11 Trustee. If, as is true here, the Chapter 11 Trustee

> ... performs his duties competently and efficiently it is not contemplated that the United States trustee substitute his judgment for that of the private trustee. As an overseer, the United States trustee is required only to keep his finger on the

pulse of the case and make certain that the trustee is performing satisfactorily. That is not to say that he should not confer with and advise the trustee … In sum, the United States trustee does not replace private trustees; he merely supervises their performance.

1 King, COLLIER ON BANKRUPTCY, ¶ 6.18 at 6–79 (15th Ed.1990).

It certainly may be true that in a given case or proceeding the United States Trustee is a proper party; however, this Court concludes that the United States Trustee may not rely on Fed.R.Civ.P. 24(a)(1) to intervene. Neither § 307 of the Bankruptcy Code nor 28 U.S.C. § 586(a) give the United States Trustee "an unconditional right to intervene." Fed.R.Civ.P. 24(a)(1). And, Bankruptcy Rule X–1009(a) adds a qualifier to § 307's language: [3]

> The United States trustee may raise and appear and be heard on any issue *relating to the United States trustee's responsibilities in a case under the Code.* (Emphasis added)

There is a vast difference between having standing to pursue a "broad … supervisory authority," [4] and having standing to intervene generally in an adversary proceeding without any showing that general intervention is necessary. If granted, this intervention would put the United States Trustee in the posture of objecting to all of Citicorp's proofs of claims and of litigating the merits of the fraudulent conveyance and preference complaints. As stated by Citicorp, this intervention would unnecessarily duplicate the role of the case trustee.

The United States Trustee argues that *In re Revco D.S. Inc.*, 898 F.2d 498 (6th Cir.1990) recognizes that office's responsibility for "protecting the public interest and ensuring that bankruptcy cases are conducted according to law." 898 F.2d at 500, *quoting* H.Rep. 595 at 109, *reprinted in* 1978 U.S.Code Cong. & Admin.News at 6070. *Revco* acknowledged the standing of the United States Trustee to appeal in an appropriate case. 898 F.2d at 500. There, the public interest established a "sufficient stake in the outcome of a bankruptcy case to confer appellate standing." *Id.* at 499. However, *Revco* does not mandate a ruling for the United States Trustee here.

This Court does not conclude that the United States Trustee lacks standing to intervene or appear as a litigant in any adversary proceeding. As the *Revco* Court noted, the roles of a watchdog and an advocate "are not incompatible." 898 F.2d at 500. It certainly may be true in a given adversary proceeding that such standing exists coupled with a necessity for the United States Trustee to intervene or appear as an adversarial party. This Court, however, does conclude that the statutes discussed herein do not automatically vest a right in the United States Trustee to intervene or appear as a litigant in every adversary proceeding. Therefore, under Fed.R.Civ.P. 24(a)(1), the United States Trustee's motion to intervene is denied.

The United States Trustee also has failed to convince this Court that intervention is mandated under Fed.R.Civ.P. 24(a)(2), primarily because there has been no showing that the existing Chapter 11 Trustee cannot adequately protect the interests of the United States Trustee. *See, Bradley v. Milliken*, 828 F.2d 1186, 1191 (6th Cir.1987) (for the requirements under Rule 24(a)(2)). This Court concludes that the United States Trustee has failed to meet the requirements for intervention under Fed.R.Civ.P. 24(a)(2).

## CONCLUSION

Having reached those conclusions, the result is simply that the United States Trustee will not be permitted to intervene formally in these consolidated adversary proceedings. However, the United States Trustee may monitor those aspects of this consolidated proceeding that touch upon its duties under 28 U.S.C. § 586(a)(3). For

---

**3.** The Court recognizes that the Rules may not "abridge, enlarge, or modify any substantive right;" however, in this instance the language of the rule adds some clarification between 11 U.S.C. § 307 and 28 U.S.C. § 586(a). 28 U.S.C. § 2075.

**4.** *In re Hayes & Son Body Shop, Inc.*, 101 B.R. at 515–16.

example, to the extent that issues under § 506(b), including professional fees, expenses and allowance thereof are raised, the United States Trustee may monitor and comment upon those aspects of the proceeding. This may certainly mean that the United States Trustee will need to be involved in discovery or other procedural aspects of those issues over which the United States Trustee has a supervisory or administrative role. Such involvement of the United States Trustee does not require formal intervention. Rather, this Court directs the parties to keep the United States Trustee advised of all discovery being undertaken and of all hearings being held, and to furnish the United States Trustee with copies of all pleadings and orders in these adversary proceedings. The Court will permit the United States Trustee to move for permission to participate in such discovery or hearings as is necessary, if the parties are unable to agree to permit the United States Trustee's presence and/or involvement.[5] The Court will expect the United States Trustee to confine its role in this consolidated proceeding to that over which it expressed concern—the issues raised under 11 U.S.C. § 506(b)—unless the United States Trustee moves in the future to expand its role. In all other issues presently presented in this adversary proceeding, the Court has not been convinced of the necessity of the United States Trustee's involvement as a litigant; therefore, the general intervention is denied, and the proposed answer and counterclaim shall be withdrawn by the United States Trustee.

SO ORDERED.

---

[5]. This should not be construed to permit the unlimited involvement of the United States Trustee or a *de facto* intervention.